# Oxford Coal Co., Appellant, *v.* Fidelity & Casualty Co. of New York.

*Insurance—Employer's liability insurance—Injury caused to minor—Statutes—Construction—Act of April 29, 1909, P. L. 283 —Words and phrases — "Railroads" — Affidavit of defense—Sufficiency of affidavit.*

1. Where the words of a statute are not explicit the intention is to be collected from the context, from the occasion and necessity of the law, from the mischief felt, and the object and remedy in view; and the intention is to be taken or presumed according to what is consonant to reason and good discretion.

2. The word "railroads" in the Act of April 29, 1909, P. L. 283, providing, inter alia, "That all minors under the age of eighteen years shall not be employed...... at switch tending, gate tending, track repairing; as brakemen, firemen, engineers, motormen, conductors upon railroads," is used in its broadest sense and applies wherever the road or way shall be so designated, and includes a private railroad at an industrial plant used for the transportation of freight as well as a railroad that is a common carrier.

3. In an action on an employer's liability policy an affidavit of defense is sufficient which avers that the injuries to the plaintiff's employee were suffered or caused by a minor hired contrary to law and while performing work contrary to law and that the policy did not cover losses from liability for injuries sustained in either of such cases.

Argued Jan. 22, 1915.   Appeal, No. 340, Jan. T., 1914, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., June T., 1913, No. 1754, discharging rule for judgment for want of sufficient affidavit of defense in case of Oxford Coal Company v. Fidelity and Casualty Company of New York.   Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ.   Affirmed.

Assumpsit on an employers' liability policy.

Rule for judgment for want of sufficient affidavit of defense.   Before SULZBERGER, P. J.

The opinion of the Supreme Court states the case.

The court discharged the rule.   Plaintiff appealed.

*Error assigned,* among others, was in discharging rule for judgment for want of sufficient affidavit of defense.

*Henry S. Drinker, Jr.,* for appellant.

*William G. Wright,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, March 1, 1915:

The learned court below was clearly right in discharging the rule for judgment for want of a sufficient affidavit of defense.   The action was assumpsit brought on an employer's liability policy.   The defendant denied its liability on the ground that the injuries to the plaintiff's employee were suffered or caused by a minor hired contrary to law and by a minor while performing work contrary to law.   The policy did not cover a loss from liability for injuries sustained in either of these cases.   The affidavit of defense specifically avers that one Conway, a minor under the age of eighteen, caused the injuries on account of which the plaintiff paid the damages referred to in the statement of claim, and that the immediate, direct and proximate cause of the accident which occasioned the loss was the negligence of Conway.

The law which the defendant alleges the plaintiff violated in employing the minor is the Act of April 29, 1909, P. L. 283.   It is entitled, inter alia: "An act to provide for the health and safety of minors in certain employments, by regulating the ages at which said minors may be employed, their hours of employment, their protection against injury......"   The second section provides, inter alia: "That all minors under the age of eighteen years shall not be employed.......at switch tending,

gate tending, track repairing; as brakemen, firemen, engineers, motormen, conductors upon railroads"; etc.

The plaintiff contends that this act has no application to the facts of this case because the word "railroads" as used in the act means a "railroad" which is also a common carrier. The railroad on which the accident occurred in this case was about three-quarters of a mile in length and was operated by the plaintiff at its coal washery in Schuylkill County. It consisted of a set of narrow gauge tracks connecting its culm banks and refuse pile with the washery, and on these tracks there were three small engines and a number of coal cars of the type used by coal companies in such operations.

The word "railroad" may have a different meaning in different statutes. The legislature may use it in a broad sense in one statute, and in a technical or popular sense in another statute. In each case, the legislative intent must be ascertained and, of course, carried out. The settled rule of interpretation, announced in the text-books and confirmed by judicial decision, is that when the words of the statute are not explicit, the intention is to be collected from the context, from the occasion and necessity of the law, from the mischief felt, and the object and remedy in view; and the intention is to be taken or presumed, according to what is consonant to reason and good discretion. Applying this rule to the statute in question, there is no difficulty in determining what the legislature meant by the use of the word "railroads" in the statute. The occasion and necessity of the law was the protection of children under eighteen years of age by preventing them engaging in certain hazardous employments. That was unquestionably the mischief felt at the time the law was enacted, and which was intended to be remedied by the enactment of the statute. The title declares it to be "An act to provide for the health and safety of minors in certain employments." The act does not, as will be observed, apply to all employments, but only to those which are enumerated therein. The

legislature made the discrimination by permitting male minors over the age of eighteen to be employed in all kinds of legal employment, but preventing all minors under such age from engaging in certain specific work. The prohibited employments as we have seen, include switch tending and engineers upon railroads. The minor who, it is alleged, caused the injuries to the plaintiff's employee was a switch tender but, at the time of the accident, was acting as an engineer on the plaintiff's railroad. The mischief intended to be remedied and the undoubted purpose of the act clearly indicate that the word "railroads" was used in its broadest sense and applies wherever the road or way may be so designated. It was not for the protection of the public, but specifically to provide for the health and safety of minors within the designated age, and the danger to them is as great on a private railroad at an industrial plant as on a commercial railroad or one used as a common carrier. In fact, there are reasons which suggest themselves why switch tending and running an engine over a short industrial road would be more dangerous than on a railroad used as a common carrier. A private railroad at an industrial plant is used for the transportation of freight. It is not built for passenger traffic and is, therefore, not constructed with a view to the safety of such traffic. It is more like a switch in the yard of a public railroad, and the danger to an employee, either a switchman or engineer, on such road is manifestly greater than when performing the same service on a railroad which is a common carrier. The peril to the minor who is engaged about such road is equally as great, if not greater, than the danger to which he would be subjected in a like employment on a public railroad. The legislative thought was to protect minors, under eighteen years of age, against dangers incident to switch tending and operating locomotive engines on railroads, and it being apparent that the danger is as great on a private as a public railroad, on a railroad at an industrial plant as on a railroad operated as a common carrier, it is manifest that the

word as used in the statute applies to the plaintiff's railroad.

The order discharging the rule for judgment for want of a sufficient affidavit of defense is affirmed.