Morris Cohen, Respondent, v. Metropolitan Casualty Insurance Company of New York, Appellant.

Fourth Department, October 7, 1931.

Hubbell, Taylor, Goodwin, Nixon & Hargrave [W. Clyde O'Brien of counsel], for the appellant.

Lester Fishman, for the respondent.

Taylor, J. Plaintiff was injured by being struck by an automobile owned by Jeanette Greenberg. He has been unable to enforce a judgment which he obtained against the automobile owner. The owner had a liability policy with this defendant and plaintiff sued to recover under the policy. Defendant in its answer sets up two defenses, (1) that the automobile is a business car instead of a pleasure car as claimed to have been specified in the policy, and (2) that the tort feasor refused and failed to co-operate with this defendant in defending the former action pursuant to the terms of her policy; whereby this defendant disclaimed and declined to assist the car owner in her defense. Plaintiff has moved for and obtained a summary judgment, the said defenses having been first stricken out as sham and frivolous.

Plaintiff makes the claim on this appeal that the policy is comprehended by section 94-i (in effect when this policy was issued, now section 94-k) of article 6-A of the Vehicle and Traffic Law (added by Laws of 1929, chap. 695, as amd. by Laws of 1930, chap. 398; since amd. by Laws of 1931, chap. 669), known as the Financial Responsibility Law.

A reading of the whole act and, in particular, sections 94-i, 94-d and 94-e convinces us that the words " Motor Vehicle Liability Policy," as defined in the act, must refer to " required " policies only. To make the act applicable to all liability policies would mean that whenever such a mishap occurred the insurance carrier would always be absolutely liable under all circumstances. We cannot concur with this reading. The purpose to be furthered by the act, and its limitations, are clearly apparent. It is intended to protect the public from suffering loss through the carelessness of automobile owners who have manifested their financial irresponsibility. It differentiates between car owners who have shown themselves to be irresponsible and those who have not. It declares that when those who carry liability policies through legal compulsion cause damage in automobile operation, their insurance carriers are absolutely liable for the resulting loss; but it lays down no such rule in the case of the automobile owner voluntarily carrying such a policy, whose responsibility has never been questioned. The construction contended for by plaintiff would encourage fraud and deceit and would create a legal relationship so unfair and unreasonable as to be unconscionable.

The burden would rest upon plaintiff to prove that this was a required policy. The statute enabled him to ascertain the facts in this respect (sections 94-d and 94-e). He has made no such claim. Therefore, he was bound to assume the burden on this motion to furnish an affidavit of some person having knowledge of the facts which would verify the cause of action before the defendant was required to present any proof that its alleged defenses were good. (Rules Civ. Prac. rule 113.)

Defendant's verified answer and the affidavit of its attorney state upon knowledge (1) that the automobile involved in the case was a truck, and not, as the policy represents, a " roadster," and (2) facts to the effect that the car owner refused to co-operate with defendant in the action against her, all in violation of the terms of the policy, and that defendant duly disaffirmed. The only affidavit presented by plaintiff was that of his attorney. In it is an allegation that the automobile was a roadster, but nothing appears bearing upon co-operation.

Under these circumstances, defendant should not have been

deprived of its opportunity to litigate on the merits, and the order and judgment appealed from should be reversed upon the law and facts, with costs, and the motion denied, with ten dollars costs. (*Curry* v. *Mackenzie*, 239 N. Y. 267; *Coleman* v. *New Amsterdam Casualty Co.*, 247 id. 271; *Barrett* v. *Jacobs*, 255 id. 520; *Reed* v. *Saint Paul Fire & Marine Ins. Co.*, 165 App. Div. 660; *Dwan* v. *Massarene*, 199 id. 872; *Weinberg* v. *Goldstein*, 226 id. 479.)

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Judgment and order reversed on the law, with costs, and motion denied, with ten dollars costs.