FRED M. LETSON, Plaintiff, *v.* SUN INDEMNITY COMPANY OF NEW YORK, Defendant.

Supreme Court, Nassau County, May 10, 1933.

*Oscar J. Smith* [*Samuel Saltzman* of counsel], for the plaintiff.

*Joseph F. Hanley,* for the defendant.

BONYNGE, J.   In the late evening of August 12, 1930, the plaintiff, while driving his automobile on a section of the Bronx River parkway, in Westchester county, sustained severe injuries as a result of a collision with the automobile of one Isidor Hoffman.   The Hoffman car was being operated by Arthur Hoffman, the unlicensed sixteen-year-old son of the owner.   The plaintiff instituted suit against father and son and thereafter recovered a judgment for $8,162.15 against both of them.   Execution thereon has been returned wholly unsatisfied.   At the time of the accident Isidor Hoffman carried voluntary insurance with the defendant to the amount of $5,000. Upon being notified of the accident, the present defendant disclaimed liability on the ground that operation by Arthur Hoffman violated an essential term of its policy and refused to defend the suit against the Hoffmans.   The plaintiff now brings this action pursuant to section 109 of the Insurance Law.

The defendant's policy provides that it shall not be liable for any loss occurring while the automobile is being operated by a person " under the age fixed by law for drivers of automobiles."   Section 109 of the Insurance Law declares that every policy shall contain a provision insuring the owner against liability for injuries resulting from " any person legally using or operating " an automobile, with the permission, " express or implied," of the owner.   (See, also,

Vehicle & Traffic Law, § 59.) In *Floyd* v. *Consolidated Indemnity & Ins. Co.* (237 App. Div. 190) the Appellate Division, Second Department, holds that an unlicensed operator, engaged upon a lawful errand, is " legally using " the automobile within the meaning of the statute and that the insurer is liable for his negligence. From these premises the plaintiff attempts to argue the liability of the defendant in the present action. In so doing he overlooks the decision of the Court of Appeals in *Brustein* v. *New Amsterdam Casualty Co.* (255 N. Y. 137). In that case the court expressly held that the rights of the aggrieved third party against the insurer are limited and defined by the terms of the coverage fixed by the agreement between the insurer and the assured, even though the literal wording of the statute seems to demand more. The same principle is reasserted in *Lavine* v. *Indemnity Ins. Co.* (260 N. Y. 399) and also finds support in *Carles* v. *Travelers' Ins. Co.* (238 App. Div. 43); *Glennie* v. *Falls Equipment Co.* (Id. 7) and *Cohen* v. *Metropolitan Casualty Insurance Co. of N. Y.* (233 id. 340.) It would seem to follow that the *Floyd* case is to be distinguished upon the ground that the court was there dealing with a peculiarly worded compulsory policy of insurance, viz., a taxicab operator's policy. (Vehicle & Traffic Law, § 17.) At all events, it is clear that the decision is not controlling here.

The additional points urged by the plaintiff are equally without merit. The insurance in the instant case was voluntary and not compulsory. The indorsement conforming the policy to the Financial Responsibility Act (Vehicle & Traffic Law, art. 6-A) declares that it is applicable only " to the extent of the coverage required by said article." As there is no proof of the commission by Isidor Hoffman of any of the acts denounced by sections 94-a and 94-b of the Vehicle and Traffic Law, it follows that he was under no duty to carry insurance and hence he must be viewed as a voluntary assured.

The plaintiff acquires no greater rights through the so-called " omnibus coverage " in favor of Arthur Hoffman than he gets by claiming through Isidor Hoffman. Operation of the automobile by an agent or a borrower is, under the policy, covered only " within the limits specified above." One of the limits " specified above " forbids operation by a person under the age fixed by law for drivers. Arthur Hoffman did not hold a junior operator's license and he was not, at the time and place of the accident, engaged upon one of the errands permissible for such an operator. He was thus under a double disqualification.

From the foregoing it follows that a verdict must be directed in favor of the defendant dismissing the complaint on the merits, with costs.