## Crahan v. The Automobile Underwriters, Inc., Appellant.

Argued October 23, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Thomas D. Caldwell* of *Caldwell, Fox & Stoner,* and with him *Paul E. Beaver,* for appellant.

*Samuel H. Jubelirer,* for appellee, submitted a brief.

Opinion by James, J., February 1, 1935:

Plaintiff brought suit upon an insurance policy covering an automobile to recover the amount of a verdict awarded against him and damages to the automobile as the result of an accident on September 20, 1931, while the automobile was being driven by one Bernard

McHugh. At the trial defendant offered to prove that Bernard McHugh the operator was not a licensed operator or learner within the meaning of Section 601 of the Vehicle Code, and that at a preliminary hearing before a justice of the peace, he pleaded guilty to such unlawful operation and paid a fine and costs. Counsel for plaintiff had no objection to the offer as being made and admitted that the operator had no Pennsylvania license.

Defendant submitted a point for binding instructions as did the plaintiff and the trial court directed the jury to render a verdict in favor of the plaintiff. Subsequently, the defendant filed a motion for judgment n. o. v., which was refused and judgment was entered on the verdict, from which judgment this appeal.

The policy contained the following clause:

"Exclusions: A. 'This policy does not cover loss resulting from any of the following causes,' nor 'while any motor vehicle described herein is being used or maintained under any of the following conditions, to wit: While such motor vehicle is being operated by any person under sixteen years of age, or by any person prohibited by law from driving an automobile,' " and the sole question before us is whether this clause prevents recovery by the plaintiff.

This particular type of an exclusion clause has not been passed upon by our courts, and an examination of the authorities of our sister states indicates a decided diversity of opinion.

In passing upon a similar policy of insurance in U. S. F. & G. Co. v. Guenther, 281 U. S. 34, Mr. Justice SANSFORD quoted with approval the language of the Supreme Court in Imperial F. Ins. Co. v. Coos County 151 U. S. 452; 38 Led. 231, 14 Supreme Ct. Rep. 279; where it said: "It is settled ...... that when an insurance contract is so drawn as to be ambiguous or

it requires interpretation or to be fairly susceptible of two different constructions so that reasonably intelligent men on reading the contract would honestly differ as to the meaning thereof, that construction will be adopted which is most favorable to the insured. But the rule is clearly well settled that contracts of insurance like other contracts are to be construed according to the sense and meaning of the terms which the parties have used and if they are clear and unambiguous, their terms are thereby taken and understood in their plain, ordinary and popular sense."

In U. S. F. & G. Co. v. Guenther, supra, the policy provided that it, "shall not cover any liability of the assured while (the automobile is) being operated by any person under the age limit fixed by law or under the age of 16 years in any event," and the court held, "We find no ambiguity in the phrase 'under the age limit fixed by law,' contained in the exclusion clause of the policy, and think that by reason of the ordinance, liability on the part of the company is precluded."

The language of the exclusion clause is free from doubt or ambiguity. It provides not only that the policy does not cover loss *resulting from* but also does not cover loss ...... *while* such motor vehicle is being operated by any person prohibited by law from driving an automobile. In operating the motor vehicle, the driver violated Section 601 of Act of May 1, 1929, P. L. 905, Art. VI, as amended by Act of June 22, 1931, P. L. 751, Section 2, 75 PS §161, which prohibits the operation of a motor vehicle by any person unless such person has been licensed as an operator or learner, and provides penalties for its violation. Such a condition is a reasonable provision as being in furtherance of the policy of the law, prohibiting unlicensed drivers to operate motor vehicles. Similar clauses have been sustained in precluding recovery as re-

ported in Standard Auto Co. v. Neal, 199 Ky. 699, 251 S. W. 966; Humphrey v. Polski, 200 N. W. 812; Cullen et al. v. Travelers Insurance Co., 253 N. W. 382; Phoenix Indemnity Co. v. Barrett, 67 S. W. (2d) 135; Kilby Car Co. v. Georgia Casualty Co., 208 Ala. 536, 96 S. 319; Letson v. Sun Indemnity, 264 N. Y. Supplement 519; Basketeria Stores, Inc., v. Public Indemnity Co. 204 N. C. 537, 168 S. E. 822, and although we find contrary holding in several other jurisdictions, we believe the correct doctrine to be as held in the above cited authorities. In the case of Oxford Coal Co., Appellant, v. Fidelity & Casualty Co. of N. Y., 248 Pa. 311, 93 A. 1072, in a suit upon an insurance policy, it was held that the insurance company was not liable for injuries that were suffered or caused by a minor hired contrary to law and while performing work contrary to law.

The court below held: "Since defendant made no attempt to offer evidence showing that the 'loss resulting from any of the following causes' set forth in the exclusion paragraph, and more particularly that the accident resulted from 'by any person prohibited by law from driving an automobile' we believe that the motion for judgment in favor of the plaintiff was properly directed." In applying this rule the court below relied upon Bowers v. Great Eastern C. Co. 260 Pa. 147, 103 A. 536 and Goldsboro v. The Insurance Co., 93 Pa. Superior Ct. 583. An examination of the policy of insurance in question clearly distinguishes it from the policies of insurance involved in the two cases cited. In Bowers v. Great Eastern C. Co., supra, the exclusion clause provided, Section 4: "This insurance does not cover......injuries resulting...... from or while in consequence of being affected by intoxicant ...... unnecessary exposure to obvious danger ...... violating law," under which clause the court held that it was necessary for the insurance com-

pany in establishing an affirmative defense, that the injuries were in consequence of being affected by intoxicant, unnecessary exposure to obvious dangers, and to violating law, and the court below very properly left it to the jury to find whether under the testimony the accident occurred as a consequence or result of the insured violating the terms of the policy. In Goldsboro v. Insurance Co., supra, the policy provided that: "Indemnity shall not be payable for injuries resulting from voluntary exposure to unnecessary dangers; or—while fighting—or while engaged or as a result of having been engaged in any unlawful act." Under this clause it was held that it was incumbent upon the defendant insurance company to show that the injuries had resulted from the violation of the policy and that the testimony as submitted and as offered to be proved should have been submitted to the jury and that a directed verdict was improper. In both of these cases, the language of the policies was such that it was necessary to submit the questions of fact to the jury to determine whether under the language of the policy the injuries had resulted from a violation of its terms.

In the instant case it is admitted by the plaintiff that the exclusion clause had been violated. We must accept the policy as written by the insurance company and accepted by the insured, and having determined that the terms of the exclusion clause are free from ambiguity and reasonable in their terms, we are of the opinion that the defendant was not required to establish that the accident resulted from the unlawful operation, and having established that the motor vehicle was being operated by a person prohibited by law, it was the duty of the trial judge to direct a verdict for the defendant.

Judgment reversed and herein entered for defendant.