# Ireland v. Pennsylvania Indemnity Corporation

*Liddell & Liddell,* for plaintiff.

*Dalzell, McFall & Pringle,* for defendant.

McDONALD, J., February 24, 1936.—This is an action of assumpsit brought to recover money alleged to be due under the terms of a public liability automobile policy issued by defendant. The policy in question was issued by defendant to one John M. Phillips. It contained a so-called "omnibus clause" which reads as follows:

"Additional Interests: In the event claim is brought against any person or persons riding in or legally operating with the consent of the insured any automobile insured hereunder, coverage herein provided to protect the insured for loss and/or expense on account of liability imposed by law shall be extended to such person or persons; provided if the insured be an individual, consent to operate any automobile hereunder may be given by an adult member of the insured's household (other than a chauffeur or domestic servant) ; and provided further that such extended coverage shall also be available to any person, firm, or corporation legally responsible for the operation of any automobile insured thereunder. This coverage shall not extend to any public garage, repair shop, sales agency, or service station and/or employees thereof."

The policy was issued subject to certain conditions, which included the following so-called "exclusion clause":

"Risks not covered. This policy does not cover any liability . . .

"(c) In respect of injuries caused in whole or in part by any automobile insured hereunder while being operated or manipulated (I) by any person in violation of law as to age, or, in any event under the age of 14 years; (II) in any race, speed test or contest; (III) to propel or tow any trailer or other vehicle used as a trailer unless such liability is specifically included herein by endorsement; (IV) for carrying passengers for hire, if a private passenger automobile described in Warranties as used for Business and Pleasure purposes; (V) for carrying passengers or for purposes other than those disclosed in the Warranties, if a commercial type automobile; (VI) for demonstrating or testing, unless such uses are definitely set forth and proper premium paid therefor; (VII) while used in any illicit trade or transportation."

The automobile covered by the policy was loaned to plaintiff by an adult member of the assured's family. While being driven by plaintiff, the car was involved in an accident, as a result of which a man was killed and his wife seriously injured. Suit was entered against plaintiff by the surviving wife and a verdict recovered for the amount of the funeral bill, $206.95, plus record costs of $17. Defendant disclaimed liability to plaintiff in this case and ultimately refused to defend plaintiff in the suit against him, whereupon plaintiff procured other counsel who defended him with the result mentioned. This suit is brought to recover the amount of the verdict against plaintiff, plus costs, and plus a reasonable amount for plaintiff's counsel fees.

Defendant refused to defend plaintiff in the suit against him and disclaims liability in this case because plaintiff was not, at the time of the accident, a licensed operator of motor vehicles. In other words, defendant contends that the car was not then being "legally oper-

ated" by plaintiff within the meaning of the policy. It is admitted that plaintiff was not a licensed operator of motor vehicles at the time of the accident.

There are, therefore, two questions in this case: First, was the plaintiff "legally operating" the car within the meaning of the policy? Second, what is the reasonable value of counsel fees for plaintiff, if there is liability?

This particular clause in an insurance policy has never, to our knowledge, been construed in our Pennsylvania courts. At first thought, it would seem that the words used, "legally operating", are clear and unambiguous, as defendant contends, and that, since it is illegal to operate a motor vehicle in Pennsylvania without having procured a license or learner's permit so to do, there is no liability. It seems to us, however, that an analysis of the clause, when taken into consideration with the rest of the policy, discloses considerable ambiguity. For example, does the clause refer to legal operation as it relates to those conditions which are precedent to any operation, such as obtaining license, inspection, etc., or does it refer to the manner of physical operation, or does it refer to both? Suppose plaintiff had operated this automobile on the wrong side of the highway, would there be coverage under this policy? Or suppose he had driven the automobile at a speed in excess of legal speed limits? Or in a reckless manner? Or in violation of traffic signals? Or over a highway dividing line? Or in any one of a dozen or more different unlawful ways which are punishable by fine or imprisonment? Would there be liability under this policy under any of these circumstances? If defendant's contention is correct there would be no liability, and at the same time the clause in question becomes valueless, because it is difficult to conceive how there could ever be any liability upon defendant if such liability is restricted to cases where there was a lawful operation. Lawful operation itself implies absence of legal liability.

Let us then determine if the clause relates to conditions which are precedent to any operation. To determine this

516

question, let us suppose that the car had not been inspected as required by law, or was being driven at night without lights, or without brakes, or with the wrong license plates, etc. Would there be liability or coverage under this clause? Surely, the clause in question is ambiguous, and, being so, it must be given that construction which is most favorable to the insured.

"It is settled . . . that, when an insurance contract is so drawn as to be ambiguous, or to require interpretation, or to be fairly susceptible of two different constructions, so that reasonably intelligent men on reading the contract would honestly differ as to the meaning thereof, that construction will be adopted which is most favorable to the insured": United State Fidelity & Guaranty Co. v. Guenther, 281 U. S. 34.

Of course the construction most favorable to plaintiff in this case is that the clause refers to the manner of operation rather than to the conditions precedent to operation. That such construction is proper is indicated by reference to the exclusion clause itself. Such reference shows that defendant has concerned itself with an expression of the risks not covered by the policy, and included in such excluded risks are cases where the automobile is being operated "by any person in violation of law as to age, or, in any event, under the age of 14 years". It will be noted that the "violation of law" referred to in this clause is limited to the question of age. Had the defendant desired or intended so to do, it could have excluded those cases where the automobile was being operated by persons who were prohibited by law from operating automobiles, such as unlicensed drivers, blind persons, deaf persons, etc., and the failure so to limit the risk must be taken as conclusive that the defendant did not so intend.

This case is not ruled by the case of Grahan v. The Automobile Underwriters, Inc., 116 Pa. Superior Ct. 353. In that case there was an exclusion clause which was free from doubt or ambiguity. That clause provided

against liability of the company "While such motor vehicle is being operated by any person . . . prohibited by law from driving an automobile", and it was held that an unlicensed operator was such a person and that there was no liability. The instant case is clearly distinguishable.

The remaining question is the amount of compensation to be allowed plaintiff for counsel fees. After listening to and reviewing all of the evidence in the case, it is our opinion that the sum of $700 is a fair and reasonable fee for the services rendered by plaintiff's counsel in defending the action against plaintiff.