## Marks et al. v. McConnell

*F. J. Templeton, Hermas L. Weary, John H. Moody* and *Storey & Bailey,* for plaintiffs.

*W. E. Shissler,* for defendant.

SHUGHART, P. J., July 11, 1949.—Plaintiffs in the above-captioned matter instituted an action in trespass against defendants claiming damages arising out of negligent conduct on the part of certain of defendants' servants or employes. The complaint sets forth specifically that a servant or agent of defendants while making improvements on plaintiffs' property negligently used a welder's torch causing a fire, the heat from which set off a sprinkler which in turn caused water damage to plaintiffs' machinery and stock.

In the complaint plaintiffs, Hortense Marks, Samuel B. Marks, Monroe J. Friedlander and Sylvia Fried-

lander, aver that they are individuals residing at New Rochelle, N. Y., and that at the time of the matters complained of were partners trading and doing business in the Borough of New Cumberland in this county under the name of Susquehanna Woolen Mills.

Defendants, through their counsel, filed preliminary objections in the nature of a motion to dismiss the action because plaintiffs, viz., Susquehanna Woolen Mills, live outside Pennsylvania and have failed to register the name and address of their resident agent through whom they conducted their business in the Commonwealth of Pennsylvania. The disposition of this objection is the matter before the court. Under Pennsylvania R. C. P. 1017 it is provided that lack of capacity may be raised by preliminary objection. In Goodrich-Amram, Preliminary Survey and explanatory notes at page 116, the following appears:

"Lack of capacity and lis pendens were, under the Practice Act of 1915, raised in the affidavit of defense to the merits, pleas in abatement having been abolished in that Act. They may, therefore, now be raised in the answer, and the defendant's right to include them in a preliminary objection is a privilege, not a duty. There is no waiver if they are not preliminarily raised but are postponed until the answer is filed." In the case of Alleman v. Lowengart et al., 63 D. & C. 430, a preliminary objection raising a question similar to the one here raised was sustained.

From the briefs it appears that plaintiffs registered under the Fictitious Names Act of May 24, 1945, P. L. 967, 54 PS §28.2, but failed to comply with section 2 of the act, which provides as follows:

"Where all the owners of said business live outside the Commonwealth of Pennsylvania and desire to carry on or conduct any such business within the Commonwealth, then such business shall be conducted through a resident agent, such application shall also

show the name and residence address, including number and street, if any, of such agent."

Section 4 of the act (54 PS §28.4) provides inter alia as follows:

"The failure of any such person or persons to file the applications aforesaid in the office . . . shall not impair or affect the validity of any contract with such person or persons, and actions or proceedings at law or in equity may be instituted and maintained on any such contract, but no such action shall be instituted or recovery had by any such persons on *any such contract,* either express or implied, . . . until such person or persons comply with the provisions of this act: And provided further, Before any such person or persons may institute *any action* in any of the courts of this Commonwealth . . . on any cause of action arising prior to the filing of the application . . . such person or persons shall pay to the Secretary of the Commonwealth for the use of the Commonwealth a license fee or fine of twenty-five dollars ($25.00) . . ." (Italics supplied.)

Since there appear to be no cases where the precise point here raised has been decided, an examination of the object and purposes of statutes regulating the use of assumed or fictitious names is in order.

In the absence of statutory prohibition, an individual or partnership may legally transact business under an assumed or fictitious name so long as fraud, infringement of trade-marks or trade names or unfair competition are not involved, and contracts entered into under assumed names are generally held to be valid. Most States have enacted statutes similar to our own which regulate the doing of business under assumed or fictitious names: 38 Am. Jur. 601. In general, the object or purpose of such statutes is "to protect the public, to give them information as to the persons with whom they deal, and to afford protection

against fraud and deceit. In some jurisdictions, such statutes have been regarded as intended for the protection of those giving credit to the person or firm within the statute, and not to persons who receive credit from such individuals or partnerships." In others it has been held that such statutes apply to both creditor and debtor: 38 Am. Jur. 603.

In referring to the Fictitious Names Act of June 28, 1917, P. L. 645, regulating the use of fictitious names, it was said:

"The purpose of the statute is obvious. It was intended to protect persons giving credit in reliance on the assumed or fictitious name and to definitely establish the identity of the individuals owning the business for the information of those who might have dealings with the concern. It was not intended to produce a confiscation of property, nor to relieve debtors from their honest obligations": Engle v. Capital Fire Insurance Co. of Concord, New Hampshire, 75 Pa. Superior Ct. 390, 397. To the same effect see Rowland v. Canuso et al., 329 Pa. 72, 79; Lamb v. Condon et al., 276 Pa. 544, and Merion Township School District v. Evans et al., 295 Pa. 280.

Having reviewed the object and purposes of statutes requiring the registration of assumed and fictitious names, we turn to the effect of failure to comply with the provisions of the act. Although from the briefs filed it appears that plaintiffs here registered prior to the effective date of the Act of May 24, 1945, P. L. 967, section 4 of the act provides that its provisions are applicable to all cases except those adjudicated at the date of passage thereof.

The specific question involved is whether the provisions of the Act of 1945, supra, are applicable to actions in trespass. There appears to be no appellate court case on point and the only lower court case we have found is the case of McLaughlin v. Baker & Co.,

5 D. & C. 781, 39 Lanc. 207 (1928), in which it was held that the Act of May 10, 1921, P. L. 465, which was repealed by the Act of 1945, did not apply to such actions. The case of Ferraro et al. v. Hines, 77 Pa. Superior Ct. 274 (1921), is sometimes cited as holding that the statute is applicable to actions of trespass and in fact the reported case lists it as an action in trespass. We have examined the paper books of this case, however, and find that the statement of claim was filed in assumpsit to recover damages from a common carrier for property lost in transit, on the theory of breach of contract. It appears therefore that that decision is not controlling in the instant case.

The statutes regulating the use of assumed and fictitious names have generally been held to be inapplicable to actions for torts. See annotation, 45 A. L. R. 279, also 38 Am. Jur. 602.

It is likewise generally held that "such statutes are in derogation of the common law, are of a penal nature, are to be strictly construed, and may not be extended to situations or to parties not clearly within their provisions": 38 Am. Jur. 602. Annotation, 45 A. L. R. 279. Our courts have held that provisions contained in the act repealed by the Act of 1945 were penal in nature, had to be strictly construed and were not to be stretched to cover any case not clearly within its terms: Hughes and Dier v. McClure, 77 Pa. Superior Ct. 325 (1921) ; Engle v. Capital Fire Insurance Company of Concord, New Hampshire, supra. Under the provisions of section 58 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §558, penal provisions of a law must be strictly construed.

The first section of the Act of 1945 (54 PS §28.1) begins as follows: "No individual or individuals shall hereafter carry on or conduct any business in this Commonwealth under any assumed or fictitious name style or designation unless . . ." This language is

identical with the beginning of the first section of the original statute on the subject (Act of June 28, 1917, P. L. 645). Defendants here point to words "any action" contained in the fourth section of the Act of 1945, supra, as rendering the present act applicable to cases arising in trespass. It will be noted, however, that the portion preceding clearly indicates that its provisions are limited to cases arising out of contractual relationships. It has been said that the intention of the legislature must be collected from the context, occasion and necessity of the law, from the mischief felt and the object and remedy sought: Oxford Coal Co. v. Fidelity & Casualty Co. of New York, 248 Pa. 311.

Considering the language of the first and fourth sections of the Act of 1945, supra, we believe that the legislature by the use of the words "any action" referred to action as defined in the first part of the fourth section which is clearly restricted to suits on contracts. Our courts have frequently held that general expressions are restricted to things similar to those specifically enumerated in preceding language of the particular statute: Derk et al. v. Zerbe Township, 322 Pa. 350. To decide otherwise would require a decision that by the use of those two words alone the legislature changed the objects and purposes, which we do not believe was intended. It further appears that if defendants' contention were correct the statute makes no provision requiring plantiffs to register before commencing an action of trespass, but requires them to pay the penalty for failure to do so.

From the objects and purposes stated in the opinions construing the prior acts, supra, we feel it is clear that those enactments were inapplicable to tort actions.

And now, July 11, 1949, the preliminary objection is overruled and defendants are given 20 days within which to file an answer if they so desire.