John McCARTHY, Appellant,

v.

INSURANCE COMPANY OF TEXAS, Appellee.

No. 12712.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 8, 1954.

Porter, Vann & Madalski, San Antonio, for appellant.

Eskridge, Groce & Hebdon, San Antonio, for appellee.

POPE, Justice.

The question presented by this appeal is whether, in the case of a first automobile accident, the Safety Responsibility Law permits an insurer to plead its policy defenses to defeat an action brought by a third person against the insured. We hold that the insurer may plead its policy defenses and affirm the trial court's judgment.

Plaintiff, John McCarthy, suffered an injury in a collision with a vehicle owned and operated by Benito Z. Sanchez. Sanchez owned an insurance policy with the Insurance Company of Texas. McCarthy sued Sanchez for injuries sustained in the accident. Sanchez failed to notify the insurance company of the suit, did not deliver to the insurer any of the suit papers and wholly made default. McCarthy recovered

a default judgment in the sum of $5,234 against Sanchez, and after execution was returned nulla bona he commenced suit against Sanchez's insurer, the defendant in this suit. By way of defense, the insurer asserted that the policy stated, as a condition to coverage, that the insured must forward to the insurer every demand, notice, summons or other process received by him, which in this case Sanchez did not do. The accident was Sanchez's first one.

Liability of the insurer in the case of the first accident by the insured is not absolute under the Safety Responsibility Law. To deprive an insurer of its policy defenses, we must be pointed to some provision in the Safety Responsibility Law which compels that result. One provision of the act provides for absolute insurance. Section 21(f) 1 of Article 6701h, Vernon's Ann.Civ.St. provides:

"Every motor vehicle liability policy shall be subject to the following provisions which need not be contained therein:

"1. The liability of the insurance company with respect to the insurance required by this Act shall become absolute whenever injury or damage covered by said motor vehicle liability policy occurs; said policy may not be canceled or annulled as to such liability by any agreement between the insurance company and the insured after the occurrence of the injury or damage; no statement made by the insured or on his behalf and no violation of said policy shall defeat or void said policy; * * *."

Section 21(a) of the act, in turn defines "motor vehicle liability policy", as used in the above quoted provision, to mean a policy of liability insurance, certified as provided in the law as proof of financial responsibility. The need for such a certificate of insurance, under the law as written, does not arise until after there has been a first accident. Section 13 states the penalty incurred upon receipt by the Department of Public Safety of a certified copy of a judgment against one covered by the act. That penalty is the suspension of the license and registration and any non-resident's operating privilege of any person against whom the judgment was rendered. Section 14 continues that penalty in force until the judgment is stayed, satisfied in full or to the extent otherwise provided in the act, and until the person gives proof of financial responsibility.

■ Our understanding of these pertinent provisions, therefore, is that proof of financial responsibility is necessary for the removal of a suspension of a license and registration which occurred by reason of a prior accident. Such proof may be made by furnishing the Department of Public Safety a certificate showing coverage, and the only provision for absolute insurance occurs in cases where such a certificate has been furnished. This is so because Section 21(a) of the act defines a "motor vehicle liability policy" as one which has been certified. Section 21(f) provides that a "motor vehicle liability policy" so defined, becomes absolute.

■ The sum of the above analysis is that absolute coverage results when a certificate has been furnished. In this case none was ever furnished by the insurer, nor required by the act in advance of the first accident. The insurer is entitled to plead its policy defenses.

The Texas act is a voluntary rather than a compulsory financial responsibility act, and under the statutes of other states, which contain comparable provisions, we find many decisions in line with the above result. Kentucky Farm Bureau Mut. Ins. Co. v. Miles, Ky., 267 S.W.2d 928; State Farm Mutual Automobile Insurance Co. v. Arghyris, 189 Va. 913, 55 S.E.2d 16; Farm Bureau Mutual Automobile Ins. Co. v. Hammer, 4 Cir., 177 F.2d 793; State Compensation Insurance Fund v. Bankers Indemnity Insurance Co., 9 Cir., 106 F.2d 368; Brodsky v. Motorists' Casualty Insurance Company, 112 N.J.L 211, 170 A.

243; Id., 114 N.J.L. 154, 176 A. 143; McLaughlin v. Central Surety & Insurance Corporation, 166 A. 621, 11 N.J.Misc. 440; Ocean Accident and Guarantee Corp., Ltd. v. Peerless Cleaning & Dyeing Works, 162 A. 894, 10 N.J.Misc. 1185; Letson v. Sun Indemnity Co., 147 Misc. 690, 264 N.Y.S. 519; Id., 241 App.Div. 629, 269 N.Y.S. 965; Cohen v. Metropolitan Casualty Insurance Co., 233 App.Div. 340, 252 N.Y.S. 841.

The judgment is affirmed.