**UNITED STATES CASUALTY COMPANY, Appellant,**

v.

**Jack G. BROCK, Appellee.**

**No. 7037.**

Court of Civil Appeals of Texas.

Amarillo.

March 20, 1961.

Rehearing Denied April 24, 1961.

▮▮▮▮▮▮▮▮

——◆——

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Scarborough, Black & Tarpley, Abilene, for appellee.

CHAPMAN, Justice.

This is an appeal by United States Casualty Company from a judgment against it in favor of Jack G. Brock.

An insurance policy was issued by appellant company to Texas Drive-Ur-Self System and/or William R. Francis. Wilbur D. McCarthy rented an automobile from the named car renting system and while being driven by the rentee it was in a collision with appellee Brock. An adjusting company working for appellant investigated the collision and thereafter, under instructions of appellant and before any suit was filed, advised Wilbur D. McCarthy that the policy of insurance in question did not provide coverage to him as a result of the accident. Appellee brought suit against the rentee, McCarthy, and Texas Drive-Ur-Self System for injuries sustained by himself, his wife and their minor daughter and after dismissing the latter from the suit obtained judgment for $4,500 against Wilbur D. McCarthy alone. Suit on the judgment was then filed against appellant and rendered against it by the trial court. It is from that judgment appeal is perfected.

It is undisputed that appellant entered no defense to the suit for the rentee but that all appearances, answers, and investigations were made on behalf of Texas Drive-Ur-Self System.

It is also undisputed that the policy of insurance in question was never filed or certified under the Financial Responsibility Law of Texas [Art. 6701h, Vernon's Ann.Tex.Civ.St.] as to Wilbur D. McCarthy.

Item 5, page 1 of the policy, after stating the purposes for which the automobile is to be used says, "Driverless cars (rentee coverage excluded)".

Section 4 of endorsement form "91A Public Automobile—Driverless Cars" provides:

"If classified as 'driverless cars,' the insurance applies only to the named insured while the automobile is so rented."

There is no question in the record but that the endorsement forms a part of the policy.

The question then presented by this appeal is whether, in the case of a first automobile accident, this insurance policy is controlled by the Texas Safety Responsibility Law with respect to such law becoming a part of the policy under "Conditions", Sec. 8, page 3 and Sec. 23, page 4 of the policy. Otherwise the above quoted exclusion providing that "the insurance applies only to the named insured while the automobile is so rented," being a part of the contract, would apply and the rentee would be excluded from the coverage of the policy. Section 8 just referred to provides:

"Such insurance as is afforded by this policy for bodily injury liability or property damage liability shall comply with the provisions of the motor vehicle financial responsibility law of any state or province *which shall be applicable* with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would

not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph."

Section 23 under "Conditions" provides

"23. Terms of Policy Conformed to Statute. Terms of this policy which are in conflict with the statutes of the State wherein this policy is issued are hereby amended to conform to such statutes."

The emphasis shown in Section 8 above quoted is ours. That provision of the policy makes the insurance afforded by the policy comply with the provisions of the motor vehicle responsibility law of any state or province "which shall be applicable" with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period to the extent of the coverage and limits of liability required by such law.

Section 21. (a) of the safety responsibility act which defines a motor vehicle liability policy under the act says it "shall mean an owner's or an operator's policy of liability insurance, *certified as provided in Section 19 * * *.*" "The need for such a certificate of insurance, under the law as written, does not arise until * * there has been a first accident." McCarthy v. Insurance Company of Texas, Tex.Civ. App., 271 S.W.2d 836, 837 (NWH). The act states the penalty provided upon receipt by the Department of Public Safety [1] of a certified copy of a judgment against one covered by the act shall be suspension of the license and registration and any non-resident's operating privilege of any person against whom such judgment was rendered.[2] That penalty continues in force until the judgment is stayed, satisfied in full or to the extent otherwise provided in the act and until the person gives proof of financial responsibility.[3] (Emphasis ours.)

The San Antonio Court of Civil Appeals in applying these provisions in McCarthy v. Insurance Co. of Texas, supra, has said:

"Our understanding of these pertinent provisions, therefore, is that proof of financial responsibility is necessary for the removal of a suspension of a license and registration which occurred by reason of a prior accident. Such proof may be made by furnishing the Department of Public Safety a certificate showing coverage, and the only provision for absolute insurance occurs in cases where such a certificate has been furnished. This is so because Section 21(a) of the act defines a 'motor vehicle liability policy' as one which has been certified. Section 21 (f) provides that a 'motor vehicle liability policy' so defined, becomes absolute.

"The sum of the above analysis is that absolute coverage results when a certificate has been furnished. In this case none was ever furnished by the insurer, *nor required by the act in advance of the first accident.* The insurer is entitled to plead its policy defenses." (Emphasis added.)

One of the policy defenses pleaded and relied upon by appellant is Sec. 4 of endorsement form 91A heretofore quoted, providing "the insurance applies only to the named insured while the automobile is so rented." Therefore, the policy not being required by the Texas safety responsibility act in advance of the first accident, the act was not applicable so as to make it a part of the policy. Accordingly, the insurance was for the benefit of the insured alone and not for the benefit of the public, appellant being entitled to plead his policy defenses. In addition to the McCarthy case we have other Texas authority which holds that the policy defense

---

1. The administering and enforcing agency provided by Sec. 2(a), Art. 6701h, V.A.T.S.

2. Section 13. Art. 6701h, V.A.T.S.

3. Sec. 14. (a), Art. 6701h, V.A.T.S.; McCarthy v. Insurance Co. of Texas, supra.

of failure to give notice is available to the insurer, the act not being applicable. National Surety Corporation v. Diggs, Tex. Civ.App., 272 S.W.2d 604 (NRE). Research into reported cases from other jurisdictions have indicated to us that other states with comparable statutory provisions to our financial responsibility act have announced many decisions in line with our pronouncements and conclusions here made.[4] In fact, the Supreme Court of Oklahoma with a financial responsibility act it says is very similar to our own quotes with approval from the McCarthy case in deciding questions with factual situations that are for all practical purposes the same as those in our case. United States Fidelity & Guaranty Co. v. Walker, 329 P.2d 852, 853, 856.

In Gabler v. Continental Casualty Co., 295 S.W.2d 194, 198, the St. Louis Court of Appeals of Mo., after citing and discussing cases with questions of similar import to the questions involved in our case said:

"The rationale of these cases is that the safety responsibility laws do not provide for compulsory motor vehicle liability insurance; that they are prospective in intendment, operate in futuro and are based upon the philosophy that every dog is allowed by the law one free bite; that such laws apply only to a second accident and not to a first accident; that there is no requirement that the owner or operator of a motor vehicle carry a policy of liability insurance or that it contain any particular provisions unless and until the safety responsibility law has been invoked by the occurrence of some event resulting in the order of a state official that security be deposited or that proof of financial responsibility be made; that the policy must be a 'required' policy before the provisions of the safety responsibility law are to be incorporated therein."

We are not unmindful of Farmers Insurance Exchange v. Ledesma, 10 Cir., 214 F.2d 495, a New Mexico case nor Newton v. Employers Liability Assurance Corp., 4 Cir., 107 F.2d 164. We feel that the former may be distinguished by the fact that the applicable New Mexico statute in effect at the time the Ledesma case originated[5] was much more absolute than our own. For example, Sec. (b) 1 (Laws 1947, c. 201, § 18), cited below [Repealed by Laws 1955, ch. 182, Sec. 504], provided: "The liability of any company under a motor vehicle liability policy shall become absolute whenever loss or damage covered by such policy occurs. * * *" Our applicable statute provides liability shall only become absolute with respect to insurance "required by this Act."

If the Newton case holds what is urged for it by appellee we believe it is contrary to the great weight of authority of other Virginia cases.

The judgment of the trial court is reversed and rendered.

4. Farm Bureau Mut. Automobile Ins. Co. v. Hammer, 4 Cir., 177 F.2d 793; Kentucky Farm Bureau Mut. Ins. Co. v. Miles, Ky., 267 S.W.2d 928; State Farm Mut. Automobile Ins. Co. v. Arghyris, 1949, 189 Va. 913, 55 S.E.2d 16; Perkins v. Perkins, Mo.App., 284 S.W.2d 603; Buzzone v. Hartford Accident & Indemnity Co., 4 N.J.Super. 511, 125 A.2d 551; Cohen v. Metropolitan Casualty Co. of New York, 233 App.Div. 340, 252 N.Y.S. 841.

5. N.M.Statutes 1953, ch. 64 Motor Vehicles, 64–24–23(b) 1. [Now repealed]