**UNIVERSAL UNDERWRITERS INSURANCE COMPANY,**
Appellant,

v.

**AMERICAN FAMILY INSURANCE GROUP, American Family (Mutual) Insurance Company, American Standard Insurance Company of Wisconsin and Delmar E. Carr, Appellees.**

No. 97–872.

Supreme Court of Iowa.

Dec. 23, 1998.

R. Jeffrey Lewis and S.P. DeVolder of Lewis, Webster, Johnson, Van Winkle & DeVolder, Des Moines, for appellant.

Anne M. Henry, Bettendorf, for appellees.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and TERNUS, JJ.

LARSON, Justice.

The plaintiff, Universal Underwriters Insurance Company, sued American Family Insurance Company for indemnity or contribution for claims arising out of an automobile accident. The district court denied indemnity but ordered a fifty percent contribution by American Family to Universal's settlement with the third-party claimant. Universal appealed, claiming it is entitled to full indemnity or, in the alternative, a greater percentage of contribution from American Family. We agree that Universal is entitled to indemnification, so we do not address the contribution issue. We reverse and remand.

**I. Facts.**

The facts are undisputed. In 1992 Delmar E. Carr took his car to be repaired at the Shottenkirk, Inc. garage. Shottenkirk provided Carr with a "loaner" vehicle, a 1991 Geo Prizm, while Carr's vehicle was in the shop. While Carr was driving the Prizm, he collided with a vehicle owned and driven by Terry Bell. Carr was at fault in the collision.

Bell sued Carr, as the driver, and Shottenkirk, as the owner of the Prizm. Bell's allegation of liability against Shottenkirk was based solely on Iowa Code section 321.493 (1991), our owner's liability statute. Shotten-

kirk was insured by Universal Insurance Company. Universal settled with Bell for $50,000 in personal injury damages and approximately $2000 in property damage. Bell released both Shottenkirk and Carr. Universal sued Carr and American Family for indemnification or contribution.

Carr's American Family policy included this "other insurance" provision:

If there is other auto liability insurance for a loss covered by this Part, we will pay our share according to this policy's proportion of the total of all liability limits. But, any insurance provided under this Part for a vehicle you do not own is excess over any other collectible auto liability insurance.

Under Universal's policy, Shottenkirk was the named insured. The policy also covered other insureds, which the policy defined as "[a]ny other person or organization required by law to be an INSURED while using an AUTO covered by this Coverage Part within the scope of YOUR [i.e. Shottenkirk's] permission." The key question, for purposes of this case, is whether Carr was "required by law to be an insured" within the meaning of this policy provision. Universal claims that Carr was not required by law to be an insured, and he was therefore not covered by the Universal policy issued to Shottenkirk. American Family contends that Carr was required by law to be an insured, and therefore, Universal cannot escape liability under its policy. The district court agreed with American Family's interpretation.

■ Shottenkirk, as owner of the vehicle, was liable under our owner's liability statute, which provides: "In all cases where damage is done by any motor vehicle by reason of negligence of the driver, and driven with the consent of the owner, the owner of the motor vehicle shall be liable for such damage." Iowa Code § 321.493. Ordinarily, if an owner of the vehicle is liable only vicariously by operation of law, such as under Iowa Code section 321.493, the owner may seek indemnity against the operator of the vehicle. *See Daniels v. Hi–Way Truck Equip., Inc.*, 505 N.W.2d 485, 490 (Iowa 1993) (three grounds of indemnity recognized: express contracts, vicarious liability, and breach of independent duty of indemnitor); *see also American*

*Trust & Sav. Bank v. United States Fidelity & Guar. Co.*, 439 N.W.2d 188, 190 (Iowa 1989).

■ However, in this case if Carr was an insured under the Universal policy, Universal cannot seek indemnification from him because an insurer may not recover through subrogation against its own insured. *Aid Ins. Co. v. United Fire & Cas. Co.*, 445 N.W.2d 767, 771 (Iowa 1989). Whether Carr was "required by law" to be an insured, and therefore covered by the Universal policy, turns on the application of our financial responsibility statute, which provides:

1. A "motor vehicle liability policy" as said term is used in this chapter shall mean an owner's or an operator's policy of liability insurance, certified as provided in section 321A.19 or section 321A.20 as proof of financial responsibility, and issued, except as otherwise provided in section 321A.20, by an insurance carrier duly authorized to transact business in this state, to or for the benefit of the person named therein as insured.

2. Such owner's policy of liability insurance:

a. Shall designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby to be granted; and

b. *Shall insure the person named in the policy and any other person, as insured, using the motor vehicles with the express or implied permission of the named insured,* against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of the motor vehicles....

Iowa Code § 321A.21 (emphasis added).

■ On its face, section 321A.21(2)(b) appears to require Carr to be an insured under Shottenkirk's policy because it is undisputed that Carr was using the vehicle with Shottenkirk's permission. However, we have interpreted this statute not to be a compulsory insurance provision that requires liability coverage for all drivers. Rather, it applies only to those drivers who, because of past driving problems, are required by chapter 321A to provide proof of financial responsibility. *Western Cas. & Sur. Co. v. General Cas. Co.*, 200 N.W.2d 892, 893 (Iowa 1972). *See Walker v. American Family Mut. Ins. Co.*, 340 N.W.2d 599, 601 (Iowa 1983) (construing chapter 321A narrowly and finding "no legislative intent to require all motorists to have liability insurance"); *Rodman v. State Farm Mut. Auto. Ins. Co.*, 208 N.W.2d 903, 908 (Iowa 1973) (noting that "provisions of the financial responsibility law do not void provisions of a voluntary insurance contract not issued to comply with that law").[1]

The requirements of section 321A.21 "are prospective in intendment, operating in futuro and are based upon the philosophy that every dog is allowed by the law one free bite; that such laws apply only to a second accident and not to a first accident; that there is no requirement that the owner or operator of a motor vehicle carry a policy of liability insurance or that it contain any particular provisions unless and until the safety responsibility law has been invoked by the occurrence of some event resulting in the order of a state official that security be deposited or that proof of financial responsibility be made; that the policy must be a 'required' policy before the provisions of the safety responsibility law are to be incorporated therein." *Western Cas.*, 200 N.W.2d at 893 (quoting *United States Cas. Co. v. Brock*, 345 S.W.2d 461, 464 (Tex.Civ.App.1961)).

■ In the present case, there was no evidence that Carr was required by law to be insured or that he was under an "order of a state official that security be deposited or that proof of financial responsibility be made." Carr was therefore not an insured under the Universal policy, and Universal was entitled to indemnity against American Family. We reverse and remand for entry of judgment accordingly.

**REVERSED AND REMANDED.**

---

1. The recent amendments to the Iowa Code requiring all persons driving vehicles registered in the state to provide proof of financial responsibility, regardless of their driving record, do not apply to the present case. *See* 1997 Iowa Acts ch. 139, § 2 (to be codified at Iowa Code § 321.20B (1999)).