No. 18,552.

Safeco Insurance Company of America v.
Franklin Ralph Gonacha, et al.
(350 P. [2d] 189)

Decided March 14, 1960.    Rehearing denied March 28, 1960.

Messrs. YEGGE, BATES, HALL & SHULENBURG, Mr. DON R. EVANS, for plaintiff in error.

Mr. LAURENCE A. ARDELL, Mr. ALBERT J. TOMSIC, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE KNAUSS.

THE parties to this writ of error appear here in reverse order to their appearance in the trial court. We shall refer to them by name.

It appears that Gonacha on July 8, 1955, was involved in an automobile accident which resulted in damage to the other defendants in error, who instituted suit against Gonacha and recovered judgment against him. Gonacha and his judgment creditors above mentioned brought the instant action against Safeco seeking satisfaction of the judgments entered against Gonacha, alleging that he

at the time of the accident was insured against public liability by Safeco.

Safeco answered denying liability and alleging fraud and misrepresentation in the procurement of the policy sued upon in that Gonacha in his application for the insurance involved falsely answered the following questions: 1. That no insuror had cancelled or refused him insurance. * * * 4. That he had not been convicted or forfeited bail for a traffic violation during the past three years. 5. That he had not been involved in an accident within the past three years. On July 16, 1955 the company gave notice of cancellation of the policy and tendered back the premium paid, which was refused.

A jury trial proceeded upon the issues thus joined. A motion by counsel for Safeco for a directed verdict in its favor was denied. After all evidence was in, a like motion on behalf of plaintiff was granted by the trial court and a verdict directed in favor of plaintiffs. From the judgment entered thereon Safeco seeks review by writ of error.

The uncontroverted facts disclosed by the record show that the policy sued on was for a period of six months after April 30, 1955. On March 26, 1955 Gonacha made application to Safeco for a policy of insurance and answered "No" to each of the questions: Has any insuror cancelled or refused insurance for insured? * * *. Has any user been involved in an accident (as a driver) during the past three years? Upon this application, signed by Gonacha, a policy was issued, and it being thereafter discovered that the premium charged was too low in light of the extensive driving of Gonacha, a second policy was issued on April 30, 1955, at which time Gonacha was asked by the agent of Safeco if the answers to the questions were the same as those made in the prior application, to which Gonacha replied in the affirmative. Gonacho also signed this application.

It is undisputed that Gonacha had been previously refused insurance; had been twice fined for reckless

driving and involved in two automobile accidents, all within a three-year period prior to his application for the policy involved here.

The application for insurance, a single page form, is divided into two sections. The upper portion is titled "DECLARATIONS" and the lower portion "INSURED'S STATEMENT." The questions and answers involved are found in the lower part. A copy of the upper part only is attached to the policy. The court, in granting plaintiff's motion for a directed verdict, stated "that if the fraudulent misrepresentations were made, they were not merged with this policy. The sole thing that became merged with this policy are the declarations, and that is the part that is attached to the policy."

The "INSURED'S STATEMENT" contains the following provision as a prefix to the questions answered by insured therein: "I declare the facts stated hereon to be true and request the company to issue the insurance and any renewals thereof in reliance thereon."

Plaintiffs assert that the legal effect of this provision, which is not attached to the policy, is controlled and altered by paragraph 22 of the policy, which states:

"22 Declarations. By acceptance of this policy, the named insured agrees that the statements in the declarations are his agreements and representations, that this policy issued in reliance upon the truth of such representations, and that this policy embodies all agreements existing between himself and SAFECO or any of its agents relating to this insurance."

In *State Farm Mutual Insurance Company v. West,* (U.S.D.C. Md.) 149 Fed. Supp. 289 the evidence indicated that in the application the insured made negative answers to questions as to whether he had had any prior accidents or whether his operator's license had ever been revoked when, in fact, he had been involved in prior accidents and his operator's license had been previously revoked. The application was not attached to the

insurance policy and the court held this to be immaterial and declared the policy void, stating:

"Line twenty of both applications for the policies the plaintiff seeks to have rescinded contains, immediately above defendant West's signature, the following provision:

" 'The undersigned hereby applies for the insurance indicated above and represents he is the owner of the described automobile and that the statements herein are correct.'

" 'Defendant asserts the legal effect of this provision is controlled and altered by paragraph twenty-one contained in both policies stating:

" 'By acceptance of this policy the named insured agrees (1) that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and (2) that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance.'

" * * * *

"While it is true that the first part of paragraph twenty-one specifies that the policy is issued in reliance upon the truth of certain representations of the insured, it does not negate or exclude the existence of other representations relied upon by the insurer.

" * * * *

"A representation, on the other hand, while constituting an inducement to the contract, is collateral to it, *and not only need not be made part of the contract, either actually or by reference, but may be contained in some paper totally disconnected with the policy, or may even be oral.*" (Emphasis supplied.)

■ Representations, as distinguished from warranties, need not be attached to the contract in order for the insuror to rely upon the same. *Sun Fire Office v. Wich,* 6 Colo. App. 103, 39 Pac. 587; 81 A.L.R. 867; *American Bonding and Trust Company v. Burke,* 36 Colo. 49,

85 Pac. 692; *Northwestern Life Assurance v. Tietze,* 16 Colo. App. 205, 64 Pac. 773; *Travelers Insurance Company v. Lampkin,* 5 Colo. App. 177, 38 Pac. 335; *Missouri K&T Trust Co. v. German Nat'l. Bank,* 77 F. 117; *United American Life Insurance Co. v. Rebarchek,* 134 F. Supp. 554.

The representations here made being false and material to the risk, and the insurance company having relied thereon in entering into the contract, the necessary grounds to void the policy were met. *American Bonding and Trust Company v. Burke,* supra; *State Farm Mutual Insurance Company v. West,* supra.

The four persons injured by Gonacha base their claim on C.R.S. '53, 13-7-23 in which it is provided that once a policy has been approved by the Commissioner of Insurance the liability of the insurance carrier thereunder shall become absolute whenever loss or damage covered by said policy occurs.

C.R.S. '53, 13-7-19 applies to a driver having prior accidents, who has manifested financial irresponsibility and submits to the Director a policy "as proof" of future responsibility in order that he may continue to operate an automobile. Substantially identical enactments have been construed to apply only to "mandatory policies" as distinguished from "voluntary policies." This is manifest from a careful reading of the "Colorado Financial Responsibility Law."

*New Zealand Insurance Co. v. Holloway,* (U.S.D.C. La.) 123 Fed. Supp. 642; *Hoosier Casualty Company v. Fox,* (U.S.D.C. Iowa) 102 Fed. Supp. 214; *Tri-State Insurance Company v. Ford,* (U.S.D.C. N.M.) 120 Fed. Supp. 118; *State Compensation Insurance Fund v. Bankers Indemnity Insur. Co.* 106 F. (2d) 368; *Cohan v. Metropolitan Casualty Insurance Co.* 252 N.Y.S. 841, 233 App. Div. 340.

The policy sued on in the instant case was not issued as the consequence of Gonacha's previous accident record under the provisions of this enactment, and

176

was not delivered to and approved by the Insurance Commissioner as assurance of Gonacha's ability to meet the demands of future accidents. Colorado has no compulsory automobile insurance law, and the policy here considered was a "voluntary" one. In such circumstances the trial court erred in directing a verdict for plaintiffs.

Let the judgment be reversed and the cause remanded with direction to enter judgment dismissing the action.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE MOORE concur.