546 P.2d 1279 (1976)
Lois GENUA and Joseph Genua, Plaintiffs,
v.
Karvin R. KILMER, Defendant and Third-Party Plaintiff-Appellee,
v.
MFA MUTUAL INSURANCE COMPANY, Third-Party Defendant-Appellant.
No. 75-383.
Colorado Court of Appeals, Div. III.
February 19, 1976.
Don L. Nelson, Fort Collins, for defendant and third-party plaintiff-appellee.
Stephen D. Dawson, Paul D. Renner, Denver, for third-party defendant-appellant.
Selected for Official Publication.
*1280 BERMAN, Judge.
Defendant, Karvin R. Kilmer, upon being sued by plaintiffs for damages allegedly incurred in an automobile accident, brought this action as third-party plaintiff against appellant MFA Mutual Insurance Company, as a third-party defendant, alleging he was entitled to coverage under an automobile liability policy. MFA denied the existence of a valid automobile liability policy, contending the policy was void because the check tendered in payment of the initial premium was dishonored upon presentment. The issues raised by Kilmer's third-party complaint were tried to the court. No testimony was offered by either party. The evidence consists solely of exhibits and answers to interrogatories. The court ruled that coverage did exist and that MFA was "bound by their conduct in this case to insure the Defendant Kilmer." We reverse.
On August 22, 1973, plaintiff filled out an application for insurance and wrote a check for the first quarterly premium. An MFA agent sent the application and check to the home office where it was received on August 27. On August 30, MFA sent an inquiry to the local agent concerning Kilmer's use of the automobile, and a reply was received on September 7.
On September 5, the home office presented Kilmer's check for payment, which check was dishonored on September 7. On September 11, the application for insurance was approved. On September 12, Kilmer was involved in the automobile accident with the plaintiffs Genuas. On September 14 the check, stamped insufficient funds, was returned to MFA, but, at that time, Kilmer's application was being processed and his file was not located until September 27. However, a policy of insurance was issued on September 19. On October 1, MFA sent a letter to Kilmer informing him his policy was void since coverage was conditioned upon the check being honored.
The application for insurance contained a binder provision which provided in relevant part:
"Binder or any policy of insurance issued thereon ... is void if any check tendered in payment of the premium is not honored."
This provision in the application clearly indicates the company's intention to preserve its right to void a policy issued on the application and binder if the check for the premium is dishonored.
The policy issued to Kilmer provided in relevant part:
"By acceptance of this policy the named insured agrees that the statements in the Declarations and in any application accepted by the Company, which are offered as an inducement to the Company to issue ... this policy, are his agreements ... and that this policy embodies all agreements existing between himself and the Company . . .." (emphasis added)
Hence, the policy, by its terms, makes the statements in the application a part of the insurance contract. Germania Life Insurance Co. v. Klein, 25 Colo.App 326, 137 P. 73; Sun Fire Office v. Wich, 6 Colo.App. 103, 39 P. 587. Accordingly, the provision in the application voiding the policy if the payment check is dishonored was incorporated by reference into the policy. Thus, contrary to Kilmer's contentions, the recital in the delivered policy stating that delivery was "for payment of the premium" was not an unconditional receipt for the premium, nor was it a waiver of the right to void the policy.
Nor is MFA estopped from voiding the policy pursuant to the clause. In concluding there was an estoppel, the trial court relied on the Financial Responsibility Law, § 42-7-101 et seq., C.R.S.1973, to support its conclusion that the 14 day delay was unreasonable. However, the policy was not issued under the Financial Responsibility Law. Thus, the statute has no application to the issues herein and cannot be used to find a contract of insurance that otherwise would not exist. Safeco Insurance Co. v. Gonacha, 142 Colo. 170, 350 P.2d 189. Furthermore, even if the *1281 Financial Responsibility Law were applicable, the provision in the application would still be a part of the contract. See § 42-7-414(2)(f), C.R.S.1973.
Also, § 4-3-503(2), C.R.S.1973, provides that a "reasonable time for presentment [of a negotiable instrument] is determined by the nature of the instrument, any usage of banking or trade, and the facts of the particular case," and that, in the case of an uncertified check, thirty days is presumed to be a reasonable period within which to initiate collection. Accordingly, MFA was not estopped from voiding the policy on the ground that it unreasonably delayed in presenting the check for payment.
Moreover, even assuming MFA unreasonably delayed in presenting the check, Kilmer did not meet his burden of proving the elements of estoppel, to wit: That he was misled by the delay, that his reliance on the delay in presentment was reasonable, and that he was harmed by the delay. Rossi v. Colorado Pulp & Paper Co., 88 Colo. 461, 299 P. 19; City of Sheridan v. Keen, 34 Colo.App. 228, 524 P.2d 1390. It cannot be said he was misled by the delay or by the language in the policy, "for payment of the premium." And, without proof that the check could have cleared at some point prior to actual presentment, it cannot be said that he reasonably relied on a more prompt presentment. Yet, Kilmer presented no evidence as to the running balance in his checking account. Furthermore, in regard to any reasonable reliance by Kilmer, we note that the trial court found that: "Mr. Kilmer is an insurance agent ... [and] his knowledge of the affairs of writing policies and paying for them should be presumed to be somewhat less limited than that of a normal non-insurance-involved individual." Finally, since there was no proof he ever could have paid the premium regardless of his bank balance, it cannot be said he was harmed by the delay.
Kilmer, in his answer brief on appeal, has set forth what he claims to be the balance in his checking account for the significant dates involved. However, statements of purported facts made in the brief but not contained in the record are improper, cannot supply deficiencies in the record, and may not be considered. Laessig v. May D & F, 157 Colo. 260, 402 P.2d 183.
Accordingly, the judgment is reversed and the cause remanded with directions to dismiss Kilmer's complaint against MFA.
PIERCE and SMITH, JJ., concur.