THOMAS D. CULLOTTA, Plaintiff-Appellant, *v.* KEMPER CORPORATION *et al.*, Defendants-Appellees.

Second District   No. 77-248

Opinion filed December 8, 1978.

McGuire, Bishop & Kelly, of Crystal Lake, for appellant.

John Narusis, Jr., of Crystal Lake, for appellees.

Mr. JUSTICE NASH delivered the opinion of the court:

Plaintiff, Thomas D. Cullotta, appeals from an order of the trial court which granted a motion for summary judgment of defendants, Kemper Corporation and Economy Fire and Casualty Company, determining that they did not insure plaintiff's automobile at the time it was stolen and destroyed.

The pleadings and affidavits filed establish the following relevant facts. Defendants issued an insurance policy to plaintiff covering his 1974

Lincoln Continental for a policy period commencing May 15, 1975, to November 15, 1975. On December 8, 1975, defendants sent notice to plaintiff that his policy would be cancelled effective December 18 for nonpayment of a renewal premium due November 15 and on December 30 defendants received plaintiff's undated, personal check in the sum of $218.50 as payment for the overdue premium. One of defendants' employees then made a notation on the cancellation document in their files stating "reinstate 12-30-75 KJ" and a renewal certificate of the policy for the period of November 15, 1975, to May 15, 1976, was then issued to plaintiff by defendants.

On January 4, 1976, plaintiff reported to police that his car had been stolen and on January 5 defendants were notified the car was located but it had been destroyed by fire. Plaintiff's premium check was thereafter presented to his bank for collection by defendants on either January 6, as defendants claim, or January 8, as plaintiff claims, and it was dishonored by that bank for insufficient funds in plaintiff's account; plaintiff's checking account had contained sufficient funds to cover his premium check until January 6. Plaintiff received notice of dishonor on January 10 and deposited $500 in his account to cover the check on January 15; however, defendants did not again present it for payment. On January 20 defendants notified plaintiff by letter that they considered the policy terminated as of November 15, 1975, since the premium check sent to them by plaintiff had been returned for insufficient funds, and refused to pay his claim for the loss of his car. On January 22 plaintiff tendered a cashier's check for $218.50 to defendants which they refused to accept as payment of the premium.

Plaintiff thereupon brought this action to recover for his loss claiming the policy was still in effect at that time. Defendants filed their motion for summary judgment, it was granted by the trial court and plaintiff appeals.

■■■ The issue to be resolved. in this case is whether a contract of insurance was formed when defendants received plaintiff's premium check on December 30, 1975, or whether its formation was conditioned on the check being honored when presented for payment.

It is established in Illinois under the Uniform Commercial Code and pre-Code decisions that, in absence of an agreement to the contrary, acceptance of a check in payment is conditional upon its being honored on due presentment. (Ill. Rev. Stat. 1975, ch. 26, pars. 3—802(b), 2—511(3); *Consolidated Freightways v. Industrial Com.* (1971), 48 Ill. 2d 221, 224-25, 269 N.E.2d 291, 293-94; Ill. Ann. Stat., ch. 26, par. 3—802, Illinois Code Comment, subsection (1)(b), Uniform Commercial Code Comment 3, and par. 2—511, Illinois Code Comment 3, subsection (3), Uniform Commercial Code Comment 3 (Smith-Hurd 1963).) Apparently

no reported Illinois decision has directly considered whether this rule is applicable in the case of a check given as payment for an insurance premium,[1] however, it is a generally accepted rule that

"* * * where a check is taken for an insurance premium, it will ordinarily be assumed that the acceptance was conditioned upon the check's being honored upon proper presentation, so that if payment is refused, and in the meantime the period in which payment could be made has elapsed, the insurer may declare the policy forfeited for nonpayment." (Annot., 50 A.L.R.2d 630, 639 (1956); 6 Couch, Cyclopedia of Insurance Law §31:44, at 51 (2d ed. 1961).)

While it is also established that "[f]orfeiture of an insurance contract for nonpayment of premium is not favored in the law, and courts are prompt to seize upon circumstances which indicate a waiver of forfeiture [citation]" (*Van Hulle v. State Farm Mutual Automobile Insurance Co.* (1969), 44 Ill. 2d 227, 232-33, 254 N.E.2d 457, 461), we see no compelling reason to apply a different rule to the payment of an insurance premium by check than would be applied to any other payment. It seems eminently reasonable that funds for payment of a check be maintained in the bank in anticipation of its due presentment for that purpose.

The courts have also recognized there are circumstances wherein it may be determined that acceptance of a check for payment of an insurance premium was done in absolute satisfaction of the premium claim. In such event, the insurer may not declare the policy forfeited for nonpayment but is relegated to its action on the check. (Annot., 50 A.L.R.2d 630, 642 (1956); 6 Couch, Cyclopedia of Insurance Law §31:45 at 53 (2d ed. 1961).) Plaintiff refers to cases which illustrate some circumstances in which payment by check has been considered absolute: *Soso Trucking, Inc. v. Central Insurance Agency, Inc.* (Miss. 1970), 236 So. 2d 398, 407 (insurer continued to present check for payment after dishonor and it was, in fact, paid a few days after the loss occurred); *Bartleman v. Humphrey* (Mo. 1969), 441 S.W.2d 335, 342-47 (insurer held premium check for an unreasonable period of time before presentment); and *National Life Co. v. Brennecke* (1938), 195 Ark. 1088, 115 S.W.2d 855 (insurer gave an unconditional receipt for payment to the insured; contra, Annot., 50 A.L.R.2d 630, 647-48 (1956); 6 Couch, Cyclopedia of Insurance Law §31:50, at 58 (2d ed. 1961)).

In this case, however, plaintiff's check was seasonably presented for payment by defendants within a few days after its receipt by them (Ill.

---

[1] In *Sistler v. Illinois Bankers Life Assurance Co.* (1950), 341 Ill. App. 512, 95 N.E.2d 507, the court did hold that acceptance of a check for an insurance premium was conditioned upon its being honored when presented in the due course of business where both the policy itself and a receipt issued for the check so stated that as a condition. No such provision is involved in the instant case.

Rev. Stat. 1975, ch. 26, par. 3—503(2)(a); see *Genua v. Kilmer* (1976), 37 Colo. App. 365, 546 P.2d 1279, 1281) and no facts are presented suggesting defendants accepted plaintiff's check other than as a conditional payment. In these circumstances we find the trial court correctly granted summary judgment to defendants (*Hill v. Lutheran Hospital* (1978), 58 Ill. App. 3d 1003, 1005-06, 374 N.E.2d 1147, 1149).

For the reasons stated the judgment of the Circuit Court of McHenry County will be affirmed.

Affirmed.

GUILD, P. J., and WOODWARD, J., concur.