Arthur L. HERNANDEZ, Petitioner,

v.

INDUSTRIAL COMMISSION OF the STATE OF COLORADO (Ex-Officio Unemployment Compensation Commission of Colorado), N.A.A.C.P., Upward Mobility Development Project, and the Division of Employment of Colorado, Respondents.

No. 82CA0084.

Colorado Court of Appeals, Div. II.

Jan. 6, 1983.

George E. Smith, Pueblo, for petitioner.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J.

Mullarkey, Lynn L. Palma, Asst. Attys. Gen., Denver, for respondent Industrial Com'n.

SMITH, Judge.

Arthur Hernandez, seeks review of a final order of the Industrial Commission disqualifying him from the receipt of unemployment compensation benefits pursuant to § 8–70–103(10)(g)(V), C.R.S.1973 (1982 Cum.Supp.).

The evidence is essentially undisputed. Hernandez was a public service employee under 29 U.S.C. § 848(a)(4), the Comprehensive Employment and Training Act (CETA), as a job placement coordinator. He worked for the NAACP Upward Mobility Project (Employer). The employer was completely funded by a grant from the Federal Manpower Administration, and Hernandez was referred to employer through Manpower. All of the employees working for employer were public service employees and were paid totally from federal funds supplied by CETA. The term of claimant's employment was from April 5, 1979, to March 18, 1980, when his position was eliminated.

The Industrial Commission concluded that:

"[C]laimant's work and services were controlled by the NAACP Upward Mobility Development Project as his employer, and he was thus an individual receiving work relief or work training as part of an unemployment work relief or work training program assisted or financed in whole or in part by public funds. The fact that the source of funding was the Manpower Administration does not cause claimant to be deemed an employee of that administration."

Hernandez argues that the Commission erred in determining that he was receiving work relief or work training within the meaning of § 8–70–103(10)(g)(V), C.R. S.1973 (1982 Cum.Supp.). We disagree.

The statute at issue provides in pertinent part:

"[E]mployment does not include service performed: By an individual receiving work relief or work training as part of an unemployment work relief or work training program assisted or financed in whole or in part by public funds . . . ."

Here, all of the workers in the program were public service employees, under CETA and, therefore the entire program was work-relief, financed wholly by public funds. Claimant's argument that he occupied an administrative position within the program is irrelevant to an analysis of whether he received work relief or work training within the meaning of the statute. The Commission finding that the entire program (including Hernandez' job) was created for the purpose of "granting some relief to a worker and aiding him or her in training for a regular job . . ." was a correct interpretation of the statute and will therefore not be disturbed on review. *See Herrera v. Industrial Commission,* 197 Colo. 23, 593 P.2d 329 (1979).

Hernandez further relies on what he asserts to be a "policy statement" of the division of employment and training which states that administrators of CETA programs are considered to be in "covered employment." The argument was raised for the first time in the petition for review filed in this court. There is nothing in the record relating to this particular policy statement, and no indication that, if indeed there was such a policy statement, that it was considered by the Commission.

■ Facts asserted in briefs but not contained in the record will not be considered on review. *Genua v. Kilmer,* 37 Colo.App. 365, 546 P.2d 1279 (1976).

Hernandez finally argues that there is no rational basis for the exclusion of work relief and work training in coverage of the unemployment compensation statute and that therefore § 8–70–103(10)(g)(V), C.R.S. 1973 (1982 Cum.Supp.) must be found unconstitutional. We disagree.

■ If legislation interferes with a fundamental right or involves a suspect classification, the State bears the burden of demonstrating a compelling state interest for the subject legislation. *Shapiro v. Thompson,* 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); *Harding v. Industrial Commission,* 183 Colo. 52, 515 P.2d 95 (1973). However, here, there is no constitutionally guaranteed right to unemployment benefits, nor is the classification involved here suspect. *See Harding, supra.* Thus, the classification is presumed to be valid unless it fails rationally to further any legitimate state purpose. *Dandridge v. Williams,* 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).

Here, by definition of work relief, a worker is provided an opportunity for work and training which would otherwise be unavailable. It is true that work relief and work training programs can elect to become liable for unemployment compensation benefits. *See* § 8–76–107, C.R.S.1973, and § 8–76–110, C.R.S.1973 (1982 Cum.Supp.). However, because it makes available more money for the program itself, the election not to become liable, has been the option chosen by many work relief and work training programs. This goal of making more money available to the programs themselves is a sufficient rationale for excluding work relief and work training programs from the benefits of the unemployment compensation statute. *See Hyde v. Industrial Commission,* 195 Colo. 67, 576 P.2d 541 (1978).

Accordingly, the order is affirmed.

PIERCE and TURSI, JJ., concur.