**Christina BOLZ, Plaintiff-Appellant,**

v.

**SECURITY MUTUAL LIFE INSURANCE COMPANY, Defendant-Appellee.**

**No. 84CA1222.**

Colorado Court of Appeals, Div. III.

March 20, 1986.

As Modified on Denial of Rehearing May 1, 1986.

Certiorari Denied July 7, 1986.

Tegtmeier & Sears, P.C., Benjamin S. Waxman, Colorado Springs, for plaintiff-appellant.

Spurgeon, Haney & Howbert, P.C., Gregory R. Piché, Colorado Springs, for defendant-appellee.

METZGER, Judge.

Plaintiff, Christina Bolz, appeals the trial court's entry of summary judgment in favor of defendant, Security Mutual Life Insurance Company (Security), in an action in which she sought the proceeds of a life insurance policy issued to her husband, Jefferey Bolz (insured). She asserts that there are genuine issues of material fact as to her claims based on unconditional acceptance, waiver, estoppel, and bad faith. We affirm.

The following undisputed facts were established by the record. On December 4, 1979, the insured purchased a whole life policy naming plaintiff as beneficiary. The policy provided that in the event a premium payment was not made, an automatic loan, limited to the cash value of the policy, would be applied to premium payments. The policy also provided for a 31-day grace period after the premium due date, during which time the premium could be paid without a lapse in coverage.

On June 27, 1983, the insured tendered a check to his insurance agent to pay the premium which had been due on June 4, 1983. The agent mailed the check to Security two days later. Security received the check on July 1, and, following its normal operating procedures, credited the insured's account to reflect the premium payment. This action preempted a computer program which would have sent the insured a notice of lapse five days after July 5, the conclusion of the 31-day grace period.

Because of the 4th of July holiday weekend, Security did not present the check to its bank until Monday, July 5. On July 6, the check was presented to the insured's bank and returned because of insufficient funds. According to its normal operating procedures, Security's bank presented the check for payment a second time on July 17 without notifying Security that the check had been dishonored on its first presentment. The check was again returned because of insufficient funds. The insured's account had contained sufficient funds to pay the check from the time it was written until July 5.

The insured's bank sent notices of dishonor to the insured on or about July 7, and again on July 18. These notices were sent to the insured's former address, since the insured had neglected to advise his bank that he had moved. There was no evidence that the insured received the notices.

Security received the dishonored check from its bank on July 19. It was processed on July 21, and the premium payment notation in Security's records was reversed to show that the premium had not been paid. Normally, the automatic loan provision would have saved the insured's policy. However, three months previously the insured had depleted the policy's cash value by borrowing the full amount.

The insured took his own life during the early morning hours of July 19. Security was informed of the insured's death on July 20th.

Plaintiff did not learn of the dishonored check and subsequent lapse of the policy until July 27. She immediately forwarded the premium payment, which was returned.

Security denied plaintiff's claim for benefits. Plaintiff commenced this action, and the trial court entered summary judgment in favor of Security.

### I.

First, plaintiff contends that Security unconditionally accepted the insured's premium check and that the trial court erred in finding, as a matter of law, that Security's acceptance of the check was conditional. We disagree.

■ Payment by check is conditional only and does not discharge the liability for which payment is given, unless there is an express or implied agreement that the check be accepted as absolute payment. Section 4-2-511(3), C.R.S.; *see also First State Bank v. Kohl*, 79 Colo. 620, 247 P. 571 (1926); *Globe Express Co. v. Taylor*, 61 Colo. 430, 158 P. 717 (1916). A majority of jurisdictions apply this rule to insurance contracts, and we agree that it is applicable here. *See* Annot., 501 A.L.R.2d 630 (1956); 6 G. Couch, *Cyclopedia of Insurance Law* § 31.44 (R. Anderson & M. Rhodes 2d rev. ed. 1985).

■ Plaintiff argues that the following facts and circumstances support an implied agreement of unconditional acceptance: (1) Security's procedure of crediting a policyholder's account upon receipt of a premium check; (2) Security's failure to notify the insured or plaintiff of dishonor; (3) the absence of any conditional acceptance provisions in the policy; (4) Security's issuance of receipts for premium payment checks upon request; and (5) the presence of sufficient funds to cover the insured's check from the date it was drawn, June 25, until July 5. We do not agree.

Here, the insurance policy clearly states that coverage is conditional upon payment of premiums. Neither the crediting of the insured's account nor the delay in notifying the insured of dishonor constituted uncon-

ditional acceptance. Security's bank's practice of presenting checks twice for payment was for the benefit of the insured, and that procedure did not establish an implied agreement to accept the check as absolute payment. As well, Security did not issue a receipt.

Plaintiff argues that this case is similar to *Cullotta v. Kemper Corp.*, 78 Ill.2d 25, 34 Ill.Dec. 306, 397 N.E.2d 1372 (1979), in which it was held that the issue of unconditional acceptance is a question of fact. The facts here, however, are distinguishable from the situation in *Cullotta*. In *Cullotta*, the insurer sent a renewal policy to the insured after having received a premium check that was subsequently dishonored after presentment. Applying Illinois law, the court ruled that the issuance of the policy acted as a receipt, which, without conditional language, raised a presumption that the check had been accepted as absolute payment of the premium.

Plaintiff points to no act by Security which would support a finding that Security had unconditionally accepted the check. Accordingly, the entry of summary judgment on the issue of conditional acceptance was proper.

## II.

Second, plaintiff claims that the trial court erred in concluding that Security had not waived its right to forfeit the insured's policy. Again, we disagree.

■ Waiver is a voluntary relinquishment of a known right *Ewing v. Colorado Farm Mutual Casualty Co.*, 133 Colo. 447, 296 P.2d 1040 (1956). The condition in an insurance contract that premiums must be paid when due may be waived. *Reliance Life Insurance Co. v. Wolverton*, 88 Colo. 353, 296 P. 793 (1931). A waiver of the condition to pay premiums may be effected if the insurer is aware the insured is in default. *Reliance Life Insurance Co. v. Wolverton, supra. See also* 6 G. Couch, *Cyclopedia of Insurance Law* § 32.278 (R. Anderson & M. Rhodes 2d rev.ed.1985).

■ The evidence is uncontradicted that Security first learned of the dishonor of the insured's check on July 19, hours after the insured committed suicide. Therefore, the doctrine of waiver is inapplicable, since there are no facts or inferences which would support this theory. Accordingly, the entry of summary judgment was proper as to this issue.

## III.

Third, plaintiff asserts that Security is estopped from declaring a forfeiture of the insured's policy; thus, she contends, the trial court's entry of summary judgment in Security's favor on this issue was error. We conclude that the trial court ruled correctly.

■ Estoppel requires that a person, by his words or conduct, or by his silence when he has a duty to speak, induce another to change his position detrimentally in reasonable reliance thereon. *Twin Lakes Reservoir & Canal Co. v. Bond*, 157 Colo. 10, 401 P.2d 586 (1965). For there to be an estoppel here, it must be shown that the insured was misled by the delay in the giving of notice of dishonor and forfeiture, and that he reasonably relied on the delay to his detriment. *See Genua v. Kilmer*, 37 Colo.App. 365, 546 P.2d 1279 (1976).

■ Security showed no delay in the presentment of the check. *See Genua v. Kilmer, supra.* The check which the insured chose to give to his agent on June 27, was sent to Security on June 29, and received by Security on July 1. Because of the long 4th of July weekend, Security presented the check to its bank on July 5. Security's bank then presented the check to the insured's bank for collection on July 6 and again on July 17.

Plaintiff argues that the policy of Security's bank, to present checks twice for collection, caused the delay. This bank policy was, in fact, for the benefit of the insured. Furthermore, notices of dishonor were sent to the insured by his bank after each presentment. The insured would have re-

ceived notice of the check's dishonor had he filled out a change of address form with his bank.

Moreover, while there was a nine-day delay between the time Security received notice from its bank that the check was unpaid and its notice of forfeiture to plaintiff, this delay could not have misled plaintiff, since the insured had already committed suicide prior to Security's receipt of the dishonored check.

Plaintiff's attack on the commercial practices of Security and its bank raises no issues of material fact which would support a theory of estoppel. Accordingly, summary judgment on this issue was properly entered.

## IV.

Finally, plaintiff argues that there is a question of fact whether Security breached its duty of good faith and fair dealing by failing to conduct a proper and thorough investigation into the validity of her claim, and therefore, that the trial court's entry of summary judgment as to this issue was improper. We disagree.

■ Security denied plaintiff's claim based upon the provision in the insurance contract which conditioned payment of benefits upon payment of premiums. The factors pointed to by plaintiff to show a breach of duty—the passage of nine days before notice of forfeiture, and the absence of a wide-ranging investigation into the circumstances of the forfeiture—do not constitute facts upon which a claim of bad faith breach of an insurance contract can be founded. *See Farmers Group, Inc. v. Trimble,* 658 P.2d 1370 (Colo.App.1982), *aff'd* 691 P.2d 1138 (Colo.1984). Accordingly, summary judgment was proper as to this issue.

The judgment is affirmed.

VAN CISE and STERNBERG, JJ., concur.