STATE COMPENSATION INSURANCE FUND, Petitioner,

v.

The INDUSTRIAL COMMISSION OF the STATE of Colorado; Robert Husson, Director of the Division of Labor; C. Christine Jarvis d/b/a C.J. Maintenance; Squeegee Rider, and Rolland A. De Caire, Respondents.

No. 86CA0723.

Colorado Court of Appeals, Div. III.

April 2, 1987.

Richard G. Fisher, Jr., Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael J. Steiner, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Robert J. Husson.

Donald J. Fisher, Jr., Denver, for respondent Rolland A. De Caire.

No appearance for respondents C. Christine Jarvis, d/b/a C.J. Maintenance, Squeegee Rider.

VAN CISE, Judge.

Petitioner, State Compensation Insurance Fund (the Fund) seeks review of a final order of the Industrial Commission which determined that the Fund was liable to pay workmen's compensation benefits to respondent Rolland A. DeCaire (claimant). We affirm.

Claimant was injured in the course of his employment as a window washer for Squeegee Rider. The Fund originally admitted liability for the injury, but later sought to withdraw its admission when the following facts were discovered.

Prior to the injury, Squeegee Rider had encountered difficulty in obtaining workmen's compensation insurance. The problem arose from a former policy it had held, but which had lapsed because of nonpayment of premiums. The Fund informed Clayton Kidd, the proprietor of Squeegee, that in order to obtain another policy, the past premiums would have to be paid.

In order to avoid the added cost, Kidd persuaded his sister-in-law, Christine Jarvis, to establish a company called C.J. Maintenance. Jarvis opened a checking account for the company, but the account was under the exclusive control of Kidd. A workmen's compensation insurance policy from the Fund was taken out for C.J. Maintenance wherein the company was identified as a janitorial service. Although the name of Jarvis appears on the application for insurance, the signature is a forgery and Jarvis did not make the application. The policy for C.J. Maintenance was in full effect at the time of the injury.

The Fund's motion to withdraw its admission is based on two contentions: 1) that the policy was void because of misrepresentation and/or fraud, and alternatively, 2) that claimant was not an employee of C.J. Maintenance and, therefore, the Fund is not liable.

At a hearing on the motion, the following evidence was elicited. C.J. Maintenance had no employees and conducted no business of its own. Jarvis had no actual con-

nection with C.J. Maintenance subsequent to opening the bank account. Jarvis wrote no checks on the account, and all mail pertaining to the account was intercepted by Kidd. Kidd controlled the entire operation and operated C.J. Maintenance and Squeegee Rider as one and the same.

Claimant was at all pertinent times an employee of Squeegee Rider. His paychecks were drawn on the account of Squeegee and never on the C.J. Maintenance account. Upon being injured, a fellow employee informed claimant that the workmen's compensation insurance was in the name of C.J. Maintenance. The employer's first report concerning the injury stated that C.J. Maintenance was a window cleaning business and that claimant was injured while cleaning windows. The report contained the name of Jarvis, but the signature was a forgery.

The hearing officer denied the fund's motion to withdraw its admission. He found that the insurance policy for C.J. Maintenance was to cover a janitorial business, which included window washing. The hearing officer also found that Kidd was the de facto owner of C.J. Maintenance and that both companies were under Kidd's exclusive control. The hearing officer concluded that the business activities of the two companies were so interrelated that C.J. Maintenance and Squeegee Rider must be considered one and the same. Since claimant was an employee of Squeegee at the time of his injury, he was held to have been also an employee of C.J. Maintenance. On review, the Industrial Commission affirmed and adopted the order.

On appeal, the Fund again asserts that the policy was void because of fraud or misrepresentation. We disagree.

 In order to avoid an insurance policy for misrepresentation, each of the five conditions listed in *Hollinger v. Mutual Benefit Life Insurance Co.*, 192 Colo. 377, 560 P.2d 824 (1977) must be established. One of those conditions is that the false statement or concealed fact must materially af-

fect either the acceptance of the risk or the hazard insured against. This element has not been established.

 The Fund contends that its risk was materially affected because the policy was issued to a janitorial service and did not encompass window cleaning. However, the Commission found, and we agree, that window cleaning is within the scope of a janitorial service. This contention of the Fund is particularly unpersuasive in light of it having initially admitted liability for the injury with full knowledge that claimant was injured while window cleaning.

 The remaining false statement or concealment concerned the identity of the applicant and the parties he or she intended to insure. However, this misrepresentation only served to deprive the Fund of premiums owed on the previous policy. It has not established how this factor materially affected its *risk* under the policy at issue.

 The Fund also contends that the Commission's conclusion that claimant was an employee of both companies is unsupported by the evidence. Again, we disagree.

The Fund emphasizes the fact that claimant testified he was employed only by Squeegee Rider and had been paid only on its account. However, these are only the patent facts. There was overwhelming evidence that there was no independent existence of C.J. Maintenance and that the companies were, in effect, a single entity. The cases cited by the Fund are inapposite in that the claimant in each was injured while performing an *activity* that was beyond the scope of the policy. Here, we have concluded that window washing was a covered activity of janitorial services.

What remains is whether claimant can be considered an employee of C.J. Maintenance. The Commission's conclusion that claimant was, in effect, employed by C.J. Maintenance is supported by substantial evidence. Thus, we will not disturb it on review. *See American Metals Climax,*

*Inc. v. Cisneros,* 195 Colo. 163, 576 P.2d 553 (1978).

 We also agree with the Commission that, since the policy was taken out with the intent of the applicant to cover the employees of Squeegee Rider, and C.J. Maintenance had no employees of its own, the Fund's liability has not been expanded. Therefore, there is no prejudice to the Fund. Moreover, since the Commission has held that the companies are one and the same, the Fund is free to resort to independent remedies to obtain the premiums on the lapsed policy to which it may be entitled.

The order is affirmed.

STERNBERG and CRISWELL, JJ., concur.