**A & R CONCRETE CONSTRUCTION and State Compensation Insurance Authority, Petitioners,**

v.

**Gary T. LIGHTNER and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 87CA1084.

Colorado Court of Appeals, Div. I.

June 2, 1988.

Rehearing Denied July 21, 1988.

I. Allen Sanders, Denver, for petitioners A & R Concrete and State Compensation Ins. Authority.

Sarney, Trattler & Waitkus, P.C., Saul R. Sarney, Denver, for respondent Gary T. Lightner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael J. Steiner, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

PIERCE, Judge.

Petitioners, A & R Concrete Construction and State Compensation Insurance Authority (Authority), seek review of a final order of the Industrial Claim Appeals Office (Panel) which held that Gary T. Lightner (claimant) was entitled to temporary disability benefits pending implementation of a vocational rehabilitation program. We affirm the order.

Claimant's physician reported that claimant reached maximum medical improvement on August 20, 1986. Pursuant to this opinion, petitioners filed a second admission of liability which purported to terminate their previously admitted liability for temporary disability benefits. However, the Authority declared that it would continue paying weekly benefits and offset the total amount from any permanent disability benefits claimant might later be entitled to. Claimant contested the termination of temporary disability benefits, arguing that because he had been determined eligible for vocational rehabilitation, temporary disability benefits should continue until a vocational rehabilitation plan was implemented.

No hearing was requested or held on this issue. However, the Director of the Division of Labor issued a written order which advised petitioners that a petition to suspend benefits was required. The Director ordered that until such a petition was adju-

dicated by a hearing officer, temporary disability benefits must continue.

The Panel affirmed this order, reasoning that claimant was unable to work while vocational rehabilitation was pending. The Panel determined that, despite having attained maximum medical improvement, claimant continued to suffer temporary wage loss, and was entitled to ongoing benefits.

We disagree with the Panel's reasoning. Nonetheless, for the reasons given in the Director's order, we conclude the order directing benefits to continue is correct. *See Skinner v. Industrial Commission,* 152 Colo. 97, 381 P.2d 253 (1963) (order which reached correct result affirmed even if wrong reason given).

■ Generally, once an admission of liability for temporary disability benefits is filed, neither the employer nor its insurer is entitled to suspend payments unilaterally. *Vargo v. Industrial Commission,* 626 P.2d 1164 (Colo.App.1981). The only exception to this rule is set out in *Rules of Procedure for the Workmen's Compensation Act Part IX(A),* 7 Code Colo.Reg. 1101–3 (*Rules*). That regulation provides for unilateral termination of benefits by admission of liability if the treating physician opines that the claimant has reached maximum medical improvement *and* can either return to work or cannot return to work but will not benefit from vocational rehabilitation.

■ Here, claimant could not return to work, but he *was* eligible for vocational rehabilitation. Therefore, petitioners were not entitled to suspend payment at their own behest.

■ Petitioners nonetheless argue that they should not be forced to pay benefits after claimant has reached maximum medical improvement even if vocational rehabilitation is pending. There is authority for this proposition. *See Allee v. Contractors, Inc.,* 759 P.2d 831 (Colo.App. No. 87CA1113, March 31, 1987). However, under the facts of this case, the fallacy of petitioners' argument is obvious. The sole fact that a physician gives a date of maximum medical improvement does not, in and of itself, mean that maximum medical improvement has indeed been attained. *See,*

*Golden Age Manor v. Industrial Commission,* 716 P.2d 153 (Colo.App.1985). Rather, this issue must be decided by the Director after the parties have had a full and fair opportunity to be heard. *See Vargo v. Industrial Commission, supra; Rules Part IX(C).*

■ We also reject petitioners' argument that, insofar as the *Rules* do not permit termination of benefits solely upon a physician's finding of maximum medical improvement, they are in derogation of § 8–51–102, C.R.S. (1986 Repl. Vol. 3B). Petitioners argue that the *Rules,* in effect, require payment of benefits after maximum medical improvement is reached, *i.e.,* after claimant's disability is no longer temporary. However, as stated above, the physician's statement is not the only factor to be considered. *See Golden Age Manor v. Industrial Commission, supra.* Since the date of maximum medical improvement is as yet undetermined, we cannot conclude that petitioners have been ordered to pay benefits in excess of the statutory requirement. Similarly, we reject petitioners' contention that they are being deprived of property without due process of law. The absence of a determination of maximum medical improvement leaves us unable to ascertain whether petitioners have been "deprived" of property.

We are also unpersuaded by petitioners' contention that the *Rules* deprive them of property since if it is later determined that excess benefits have been paid, petitioners have no effective means of recovering the overage. We disagree. *See Rules* Part IX(A)(2) and *Hernandez v. Industrial Commission,* 659 P.2d 58 (Colo.App.1983).

Petitioners' final contention concerns the finality of the Director's order. The Panel correctly resolved this issue in petitioners' favor. *See* § 8–53–114(2), C.R.S. (1986 Repl. Vol. 3B).

The order is affirmed.

TURSI and PLANK, JJ., concur.