**NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff–Appellant,**

v.

**MRS. CONDIES SALAD COMPANY, INC., a Colorado corporation, Defendant–Appellee.**

No. 04CA2343.

Colorado Court of Appeals, Div. A.

March 9, 2006.

Rehearing Denied May 4, 2006.

Certiorari Denied Sept. 11, 2006.

Zupkus & Angell, P.C., Robert A. Zupkus, Richard L. Angell, Melissa A. Clack, Denver, Colorado, for Plaintiff–Appellant.

Peter B. Nagel, P.C., Peter B. Nagel, Denver, Colorado, for Defendant–Appellee.

DAVIDSON, Chief Judge.

In this declaratory judgment action, plaintiff, Nationwide Mutual Insurance Company, appeals from the trial court's summary judgment in favor of defendant, Mrs. Condies Salad Company, Inc. We affirm.

## I.

The following facts are undisputed. Mrs. Condies, a produce distribution business, purchased a "business auto policy" from Nationwide for the 2001 year. The policy contained five separate coverage provisions, each insuring against different losses and covering different vehicles: (1) liability coverage; (2) uninsured motorist coverage; (3) personal injury protection coverage; (4) physical damage—comprehensive coverage; and (5) physical damage—collision coverage. The provisions regarding physical damage and uninsured motorist covered only vehicles that Mrs. Condies owned or were specifically described in the policy; the personal injury protection applied only to vehicles required to have no-fault coverage under state law; and the liability provision indemnified Mrs. Condies for up to $1,000,000 of damages for which Mrs. Condies was legally responsible caused by "any auto."

Among the twelve vehicles specifically described in the policy under the uninsured motorist, comprehensive, and collision coverage provisions was a 1967 Ford truck that Mrs. Condies falsely claimed to own at the time the vehicle was added to the policy. The truck actually was registered to Gary Cucarola, Mrs. Condies's president, who had agreed to sell it on an installment basis to Alfredo Andrade, a Mrs. Condies's employee.

On August 3, 2001, while driving the truck, Andrade struck and killed a pedestrian. The victim's family indicated that they planned to seek recovery for his wrongful death. However, because of Mrs. Condies's misrepresentation regarding the truck's ownership, Nationwide disputed its obligations under the policy. Accordingly, Nationwide brought this declaratory judgment action to resolve the issue.

While this action was pending, Nationwide, Mrs. Condies, and the victim's heirs agreed to a settlement in which Nationwide would pay the heirs $100,000, subject to the resolution of this declaratory judgment action. As part of the settlement agreement, the parties stipulated that Mrs. Condies was liable for the victim's death and that Mrs. Condies misrepresented the truck's ownership. Thus, with liability established, they further

stipulated that the only issue left for the court to resolve was whether the misrepresentation was material so as to void Nationwide's obligations under the policy.

The parties filed cross-motions for summary judgment. In support of its contention that the misrepresentation was material, Nationwide submitted an affidavit from its commercial underwriting director, who asserted that Nationwide would not have added the truck to the policy had it known the true nature of its ownership.

In its ruling, the court accepted Nationwide's affidavit as true, but determined that the misrepresentation was not material because, under the liability coverage provision of the policy, Nationwide would have been obligated to cover Mrs. Condies's liability for this accident even if the truck had not been added to the policy. Thus, the court entered summary judgment in favor of Mrs. Condies and against Nationwide, ruling that Mrs. Condies had no obligation to reimburse Nationwide for the $100,000 Nationwide paid to the heirs.

## II.

■ Nationwide contends that, based on the undisputed facts, the record is not sufficient to support the trial court's conclusion that Mrs. Condies's misrepresentation was not material. Specifically, Nationwide argues that its unrefuted affidavit is the only evidence offered to prove or disprove the materiality of the misrepresentation, and that the affidavit demonstrates the misrepresentation is material. We disagree.

When, as here, the facts are undisputed, we review de novo the trial court's grant of summary judgment. *See Fox v. I–10, Ltd.,* 936 P.2d 580, 582 (Colo.App.1996), *aff'd,* 957 P.2d 1018 (Colo.1998).

■ Where a policyholder misrepresents material facts to obtain insurance, the provisions obtained under those circumstances are void from their inception. *See Safeco Ins. Co. v. Gonacha,* 142 Colo. 170, 175, 350 P.2d 189, 191 (1960). Materiality is established if a false or concealed fact materially affected either the risk accepted or the hazard insured against such that the insurer would not have included the coverage provision had it been truthfully informed. *See State Comp.*

*Ins. Fund v. Indus. Comm'n,* 737 P.2d 1116, 1118 (Colo.App.1987).

Thus, the critical determination here is the nature of the particular risk accepted by Nationwide.

Here, Mrs. Condies sought indemnification under the liability portion of the Nationwide policy for its payment to the victim's family for wrongful death. We assess the risk associated with the liability provision independently of those associated with the four other, distinct portions of the policy. *See Allstate Ins. Co. v. Huizar,* 52 P.3d 816, 819 (Colo.2002) (concluding that obligations set forth in separate "Parts" of insurance policy are to be read separately).

■ The risk accepted by an insurer when underwriting automobile liability coverage is the possibility that the insured will incur liability for damage caused to a third party. *See* 1 Rowland H. Long, *The Law of Liability Insurance* § 1.05 (2004). Because an insured generally incurs such liability by causing an accident, the nature of an insurer's risk depends primarily on the drivers it agrees to insure. *See Morlan v. Universal Guar. Life Ins. Co.,* 298 F.3d 609, 616 (7th Cir.2002) (noting that automobile liability insurance involves a risk specific to particular driver); *Christiansen v. Moore,* 184 Neb. 818, 172 N.W.2d 620, 622 (1969) (primary concern in underwriting automobile liability insurance is the driver to be insured).

This differs from other types of automobile insurance, such as collision or comprehensive coverage, in which the insurer's risk involves covering damage to a specifically designated vehicle or piece of property. *See* 10A *Couch on Insurance* § 42:221 (2d rev. ed.1983); *see also Morlan v. Universal Guar. Life Ins. Co., supra,* 298 F.3d at 616; *Hawkeye–Security Ins. Co. v. Presbitero & Sons, Inc.,* 209 F.2d 281 (7th Cir.1954); *cf. State v. Land,* 376 N.J.Super. 289, 870 A.2d 634, 637 (2005) (automobile liability policy and homeowner's policy insure against different risks).

Applying these general principles to the policy here, the risk Nationwide accepted by providing liability coverage for Mrs. Condies was the possibility that Mrs. Condies would incur liability to a third party, and its under-

writing considerations would necessarily have been based on who would be driving and for what purposes. Accordingly, in the liability section of the policy, Nationwide listed specific categories of covered "insureds," that is, those for whom Nationwide was willing to assume the risk of liability coverage.

Included among the "insureds" in the policy was "You [Mrs. Condies] for any covered 'auto.'" With respect to liability coverage, "covered auto" was defined as "any auto," which, of course, reflects the driver-specific risk assumed with liability coverage and differs from the other, property-specific portions of the policy. By the terms of this portion of the policy, because "any auto" was covered for liability if Mrs. Condies was legally responsible for the damages, ipso facto, it did not matter who owned it. *Compare Safeco Ins. Co. v. Gonacha, supra,* 142 Colo. at 173–74, 350 P.2d at 190–91 (driver-specific misrepresentations were material to issuance of automobile liability insurance policy), *and Drake v. State Farm Mut. Auto. Ins. Co.,* 142 Colo. 244, 245–46, 350 P.2d 566, 566–67 (1960) (same), *with Hawkeye–Security Ins. Co. v. Presbitero & Sons, Inc., supra,* 209 F.2d at 283 (ownership of vehicle not relevant for liability insurance).

Accordingly, we agree with the trial court's determination that the question of ownership, in the context here, was unimportant. Thus, we also agree with the trial court that the fact that Mrs. Condies may not have owned the vehicle at issue here had no material effect on the risk Nationwide accepted when underwriting the liability coverage provision.

Nationwide asserts, however, that even if its specific risk under the liability portion of the policy was unaffected, it might not have issued any automobile policy to Mrs. Condies had it known the identity of the true owner of the truck because it was unwilling to accept the risk of operation of personal vehicles of Mrs. Condies's employees on the policy.

However, there is no evidence in the record to support the assertion that Nationwide would not have issued a policy to Mrs. Condies. Nationwide's affidavit merely claimed

that it would not have added the truck to the policy, not that it would have declined to issue the policy or that it would have sought to void or alter other provisions of the policy. *See Hernandez v. Indus. Comm'n,* 659 P.2d 58, 60 (Colo.App.1983) (assertions not contained in the record are not evidence).

To the contrary, by issuing to Mrs. Condies five separate policy provisions insuring against different losses, each containing distinct terms and categories of covered insureds and vehicles, Nationwide demonstrated its willingness to provide coverage which varied with the particular risk involved.

In sum, because Mrs. Condies's misrepresentation regarding the true ownership of the truck, under the circumstances here, did not affect the risk accepted by Nationwide, we conclude that the misrepresentation was not material. Accordingly, we conclude that the trial court correctly determined that Mrs. Condies had no obligation to reimburse Nationwide for the $100,000 Nationwide paid to the victim's heirs.

The judgment is affirmed.

Judge PLANK * and Judge NEY * concur.