Delmer ZWEYGARDT and Delmer and
La Vonne Zweygardt Trust,
Plaintiffs–Appellants,

v.

BOARD OF COUNTY COMMISSIONERS
OF the COUNTY OF ELBERT, State
of Colorado, Defendant–Appellee.

No. 06CA2197.

Colorado Court of Appeals,
Div. III.

June 26, 2008.

Law Office of Anthony J. DiCola, Anthony J. DiCola, Hot Sulphur Springs, Colorado, for Plaintiffs–Appellants.

Berg Hill Greenleaf & Ruscitti, LLP, Josh A. Marks, Melanie B. Lewis, Boulder, Colorado, for Defendant–Appellee.

Opinion by Judge CASEBOLT.

In this action concerning the authority of a county to regulate a private access road, plaintiffs, Delmer Zweygardt, and the Delmer and La Vonne Zweygardt Trust, appeal the summary judgment in favor of defendant, the Board of County Commissioners of the County of Elbert (County). The judgment determined that the County has the authority to require that the road comply with the County's fire code and its access requirements. We reverse and remand.

Plaintiffs own parcels of property in Elbert County known as Blue Sky Ranch and Deep River Ranch. The parcels are both zoned A–Agricultural, which permits farms, ranches, and single-family dwellings. Plaintiffs divided Deep River Ranch into twenty-three separate parcels, each sixty acres or larger (and thus not subject to any subdivision requirements), and built a circuitous access road through the property that connected all the parcels to County Road 77. The access road is the only means of ingress and egress for the Deep River Ranch parcels. Plaintiffs planned to create the same kind of road system for Blue Sky Ranch.

Plaintiffs marketed the properties as vacant land suitable for "mini-ranches." As the parcels sold, the buyers applied to the County for driveway and building permits. As pertinent here, the County denied the buyers' driveway and building permit applications because the road did not comply with County standards, based on conclusions of the Road and Bridge Superintendent and the Fire Chief following their inspection.

The County Road and Bridge Superintendent inspected the road and concluded that it did not comply with County standards because the road lacked adequate erosion controls and drainage diversions, the banding together of culverts was insufficient, inadequate types and amounts of gravel were used in the road base, and the road was constructed with improperly-sized culverts. He also concluded that the road did not meet fire code standards.

Similarly, the Elbert County Fire Chief inspected the access road and concluded that it did not meet fire code regulations. He opined that the culverts were below industry standard, that drainage was inadequate, and that there were signs of erosion on the road banks with no seeding. Additionally, the Fire Chief concluded that the road was not wide enough because it was single-lane access, thus leaving no way to evacuate residents or ensure adequate emergency vehicle response.

The County's denial of building and driveway permits prompted certain buyers, who are no longer parties, to commence this action. The court ordered that other similarly situated landowners be joined in the case. Eventually, plaintiffs repurchased some, if not all, of the previously sold properties and joined the litigation. As relevant here, they then asserted a claim for declaratory judgment, contending that the County lacked authority to require the private access road to comply with its fire code and other regulations, and thus could not deny building or other permits based on noncompliance of the access road.

Both plaintiffs and the County then moved for summary judgment on the declaratory judgment claim. The court denied plaintiffs' motion and granted the County's cross-motion. The court held that the County had the authority to require that the private access road comply with the County's fire code and access requirements under section 30–15–401.5, C.R.S.2007. This appeal followed.

I.

Plaintiffs contend the trial court erred in determining that the County has the authority to require a private farm and ranch access road to comply with the County's fire code. Based on our view of the applicable law and

the state of the record, we agree that the summary judgment cannot stand.

Summary judgment should be granted only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. C.R.C.P. 56; *Svanidze v. Kirkendall,* 169 P.3d 262, 264 (Colo.App.2007). Because summary judgment is a drastic remedy, the nonmoving party is entitled to the benefit of all favorable inferences that may reasonably be drawn from the undisputed facts, and all doubts must be resolved against the moving party. *Ringquist v. Wall Custom Homes, LLC,* 176 P.3d 846, 849 (Colo.App.2007).

We review a summary judgment de novo. *Nationwide Mut. Ins. Co. v. Mrs. Condies Salad Co.,* 141 P.3d 923, 925 (Colo.App.2006).

■■■ Counties have only the powers that are expressly granted to them by the Colorado Constitution or by the General Assembly. *Pennobscot, Inc. v. Bd. of County Comm'rs,* 642 P.2d 915, 918 (Colo.1982). A county's implied powers are limited to those reasonably necessary to the execution of expressly delegated or conferred powers. *Beaver Meadows v. Bd. of County Comm'rs,* 709 P.2d 928, 932 (Colo.1985).

Under section 30–15–401.5(1), C.R.S.2007, the County has the authority to adopt ordinances to provide for minimum fire safety standards modeled upon the Uniform Fire Code. Under section 30–15–401.5(3), C.R.S. 2007, the ordinances may "apply to all ... of the unincorporated area of the county." However, under section 30–15–401.5(6), C.R.S.2007, "[t]he provisions of subsection (3) ... shall not apply to farms or ranches."

■■ The "farms or ranches" exception does not refer to access, roads, or the purposes thereof. Instead, it refers to the use or status of the land. Hence, the appropriate inquiry is not the use of the road but, rather, is the use or status of the land traversed by the road. Accordingly, the issue is whether plaintiffs' land is a farm or ranch.

The phrase "farms or ranches" is not defined in either the statute or any case we have found interpreting it. When considering the meaning of a statute, we begin with the plain language, giving words and phrases their plain and ordinary meaning. *See Spahmer v. Gullette,* 113 P.3d 158, 162 (Colo.2005).

A farm is defined as a tract of land cultivated for the purpose of agricultural production and the raising and breeding of domestic animals. *The American Heritage Dictionary of the English Language* 641 (4th ed.2000). A ranch is defined as an extensive farm on which large herds of cattle, sheep, or horses are raised. *Id.* at 1448. The terms "farm" and "ranch" are also defined in statutes addressing other topics, and we find those definitions instructive. Section 39–1–102(3.5) and (13.5), C.R.S.2007, respectively, of the tax code define "farm" as "a parcel of land which is used to produce agricultural products that originate from the land's productivity for the primary purpose of obtaining a monetary profit," and "ranch" as "a parcel of land which is used for grazing livestock for the primary purpose of obtaining a monetary profit." Section 8–70–109(2), C.R.S.2007, of the employment security code states, in the context of defining "agricultural labor," that the term "farm" includes "stock, dairy, poultry, fruit, fur-bearing animal, and truck farms, plantations, ranches, nurseries, ranges, greenhouses, or other similar structures used primarily for the raising of agricultural or horticultural commodities and orchards." These definitions are consistent with the plain meaning and dictionary definitions of the statutory terms, except for the "monetary profit" requirement, which is unique to tax issues.

Here, it is undisputed that plaintiffs divided their land into separate but contiguous parcels, constructed the access road, and created easements for the road appurtenant to each parcel. The road provides the only method for general ingress to and egress from the parcels. It is a common road for all prospective residents and allows users to cross the entire property.

However, the record does not indicate whether the parcels of property involved had been operated or, when judgment entered, were operating in a manner consistent with the definitions of farms and ranches noted above. There is no evidence concerning whether the property has been or is being

used for the primary purpose of producing agricultural products or grazing livestock. Although the record establishes that the zoning classification is A–Agricultural, that appellation does not, by itself, determine that the property is a "farm or ranch" within the meaning of the definitions noted above.

The trial court did not specifically address the use of the property under the above definitions. It held that "the private access roads are more than part of a farm or ranch; they are also land upon which an ingress-egress access easement has been granted ... for the benefit of the owners of the other farms or ranches." The court concluded that the farm and ranch exception applied only to land that is used solely for farming and ranching purposes and that it did not apply to land that has a "dual use."

We perceive nothing in the statutory language allowing for such a "dual use" analysis. In our view, the statute merely states that a county-adopted fire code shall not apply to farms and ranches. Some farms and ranches will not have roads traversing them; others will. Some of the roads on those parcels may provide access to another owner's parcel; others may not. Some farms and ranches may consist wholly of vacant land, while others will also have a dwelling situated on part of the parcel with a concomitant road. To conclude that property having a road on it does not qualify as a farm or ranch if there is a "dual use" because the road may be used by persons other than the owner is unworkable and not part of the statutory scheme. We therefore reject the analysis underlying the summary judgment here.

We conclude that if the land traversed by the road currently satisfies the "farms or ranches" exception, then so long as the fundamental character of the land does not change in a manner that would make this exception inapplicable, the County may not regulate the road under section 30–15–401(1).

We acknowledge, as the County argues, that some parcels may qualify as a farm or ranch while others may not. The ultimate solution to this patchwork problem would involve legislative or regulatory, not judicial, action. *See Gresh v. Balink,* 148 P.3d 419, 423 (Colo.App.2006) (courts cannot interpret statutory provisions to solve problems, courts can only interpret laws and declare what the law is). Under the present law and regulations, in our view, whether a private road that begins at a public road, crosses various parcels, and dead-ends on private land may be regulated in its entirety or not at all should be determined by the predominant use of the private land that it crosses. Needless to say, however, the predominant use of these various parcels may change, which will affect whether, at some point in time, the County can require the entire road to comply with its fire code, although some parcels may still meet the "farm and ranch" exception.

## II.

■ The County nevertheless contends that the summary judgment may be affirmed on different grounds. *See People v. Eppens,* 979 P.2d 14, 22 (Colo.1999)(an appellate court may affirm on any ground supported by the record). Specifically, it asserts that the Land Use Enabling Act, sections 29–20–101 to –108, C.R.S.2007, confers authority on the County to regulate the roads on plaintiffs' property. We disagree.

The Act grants to local governments the broad authority to plan for and regulate the use of land. § 29–20–102(1), C.R.S.2007. The County relies upon three specific sections of the Act: (1) section 29–20–104(1)(e), C.R.S. 2007, which grants authority to regulate the location of activities that may result in significant changes in population; (2) section 29–20–104(1)(g), C.R.S.2007, which grants authority to regulate the use of land on the basis of the impact on the community or surrounding areas; and (3) section 29–20–104(1)(h), C.R.S.2007, which is a "catch-all" provision that grants authority to plan for and regulate the orderly use of land. We conclude that these sections do not provide requisite authority to the County on this record.

Here, the record does not provide a factual predicate to support the County's argument. There is nothing to indicate what, if any, population changes may arise as a result of plaintiffs' "activities," nor is there anything in the record upon which we could conclude

that any changes in population would be "significant." There is also nothing in the record elucidating any impact, significant or not, on the community or surrounding areas. Finally, while the statute may grant the County authority to provide for the orderly use of land, the County has not specifically adopted ordinances that deal with these particular roads, situated as they are on parcels of over sixty acres that are not subject to subdivision regulation. The only ordinance that deals with this road is the fire code, assuming the properties on which the road runs are not farms or ranches.

### III.

■ Plaintiffs assert that, in any event, the fire code does not have any road standards within it and therefore even if the code is applicable, it does not regulate the roads at issue here. We disagree.

The County enacted Resolution 00–34 on March 28, 2000, which adopted the 1997 Uniform Fire Code. The relevant provisions state:

Section 902.2.2.1 Dimensions. Fire apparatus access roads shall have an unobstructed width of not less than 20 feet ... [and] widths shall be increased when, in the opinion of the chief ... widths are not adequate to provide fire apparatus access.

Section 902.2.2.2 Surface. Fire apparatus access roads shall be designed and maintained to support the imposed loads of fire apparatus and shall be provided with a surface so as to provide all-weather driving capabilities.

Section 902.2.2.3 Turning radius. The turning radius of a fire apparatus access road shall be as approved.

Section 902.2.2.4 Dead ends. Dead-end fire apparatus access roads in excess of 150 feet ... in length shall be provided with approved provisions for the turning around of fire apparatus.

Accordingly, if the trial court concludes that the property is not a "farm or ranch" within the meaning of the statute, these provisions may regulate the road at issue.

For these reasons, we conclude the trial court erred in granting summary judgment.

On remand, the trial court should consider whether, at the time of the remand proceedings, the property traversed by the road qualifies as a farm or ranch, employing the definitions and analysis previously noted.

The judgment is reversed, and the case is remanded for further proceedings consistent with the views expressed in this opinion.

Judge WEBB and Judge TERRY concur.